Respass *vs.* Zorn *et al.*

---

WILLIAM R. RESPASS, plaintiff in error, *vs.* JOHN C. ZORN *et al.*, defendants in error.

Where there was a bill pending in equity in favor of Zorn *vs.* Respass, in relation to the title and possession of land, and during Respass' temporary absence from the county, Zorn dismissed his bill and took out a proceeding as an intruder against Respass' tenant, an ignorant colored man, who had a growing crop on the premises, and who, from ignorance of his rights, failed to make the counter-affidavit required by law, and Zorn, was in consequence, put in possession, and Respass ousted, and Respass immediately on his return, made the affidavit, but the sheriff refused to receive or act upon it:

*Held,* That a bill setting up these facts, and praying a restitution of the possession as unfairly obtained under color of legal process, is not demurrable for want of equity, or because there is an adequate remedy at law.

Equity Practice. Landlord and Tenant, etc. Before Judge Green. Upson Superior Court. November 1870.

Respass' bill made this case. He bought certain land at sheriff's sale, in Febuary, 1870, paid his bid, and was put in possession. He did not know that any one claimed the land adversely to him. He rented it out to a negro, and gave him possession. In July, when this negro's crop was flourishing thereon, Zorn filed a bill against Respass setting up title to said land, and enjoining him from waste, etc, and charging that Respass was insolvent. Respass answered the bill, and the Chancellor, upon the hearing of a motion to dissolve the injunction, so modified it, as to allow the tenant to proceed to make and gather his crop.

In vacation, and without Respass' knowledge, Zorn had his bill dismissed, and, fraudulently taking advantage of Respass' absence from the county, procured a warrant against the negro as an intruder, and, by frightening him with eviction and refusing him time too see Respass, had himself placed in possession by the sheriff, and now by an insolvent agent has control over said tenant as his, and over the land and crop. Immediately upon Respass' return to the county, which was in a few days after said proceeding, he offered the sheriff a counter-affidavit and asked to have himself, as to his tenant, reinstated *in statu quo*, but the sheriff refused. He averred that the undisturbed possession of the crop by said tenant was necessary for justice, etc., and prayed injunction against Zorn and his agents interferring therewith, and for himself, as to his tenant, to be placed *statu quo*. He averred that the land was his, and prayed to correct a mistake in his, sheriff's deed, and that he was solvent.

This bill was demurred to, because Respass had an ample remedy at law ; because there was no equity in the bill, etc. The Court dismissed the bill, and that is assigned as error

CABANISS & PEEPLES, for plaintiff in error.

S. HALL: JOHN I. HALL; SMITH & ALEXANDER, for defendant. Respass had not pleaded set-off, or set up any cross-claim, and Zorn could dismiss his bill: R. Code, secs. 3399, 2856; 37th Ga. R., 364. Tenant should have filed counter-affidavit *at once:* R. Code, sec. 4000; 38th Ga. R., 29, Martin vs. Wall, June, 1870. Equity cannot put Respass in possession: R. Code, sec. 3157. As to correcting mistakes: 7th Howard R., 829.

McCAY, J.

Assuming the facts stated in this bill to be true, (as we must in deciding upon the demurrer,) one cannot escape the conclusion that the machinery of the law has been used to give to the defendant an unfair advantage in the contest for this land. He had, by the filing of his bill, necessarily admitted the complainant not to be an intruder, since an intruder is one who does not, in good faith, claim the possession. The Chancellor, by dissolving the injunction, had recognized the *bona fides* of the then defendant in his claim of the possession, and we are not sure that, until that order, passed with both the parties before him, was in some way discharged, it was not a contempt of the Chancellor to oust the possessor by the summary process resorted to.

Section 4131 of the Code, whilst it allows the dismissal of a bill in vacation, expressly provides that this shall not be done so as to prejudice any right of the defendant. The defendant was, by the Judge's order, permitted to go on with the cultivation of the land, and this, after a hearing of the several claims of the parties. It smacks very strongly of contempt of this order, passed in a proceeding, at the suggestion of the then complainant, to dismiss his suit, take out the intruder's warrant, and seize the opportunity of the temporary absence, from the county, of the landlord, to pounce upon the ignorant and careless tenant, and by *hocus pocus,* get the possession.

Even without the pendency of the bill, we should hesitate to let one retain a possession, acquired by imposing upon or colluding with a mere tenant. But, under the circumstances set forth, we think the pendency of the bill and the order of the Judge allowing the defendant to continue the possession, gives to the Chancellor jurisdiction to treat this whole proceeding, under the warrant, as an attempt to evade the effect of his order.

What the truth of the case may be we know not. We only say that, under the charges in the bill, it was a case for equitable interposition, under the power of the Court, to prevent the evasion of its own orders, and we think the demurrer ought to have been overruled.