## MOYE *vs.* THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.
2. Where inculpatory statements were made by a brother of the defendant in his presence and under circumstances which would warrant the inference that he heard them, but did not deny them, they were admissible in evidence, the question whether they were so heard being left to the jury under proper instructions.

Criminal law. New trial. Evidence. Before Judge CRISP. Sumter Superior Court. October Term, 1880.

To the report contained in the decision it is only necessary to add that counsel for the state were allowed, over objections on behalf of the defendant, to show that shortly after the burglary a witness for the state attended a party or candy-pulling, that defendant and his brother were there, that about the time the party ended, defendant's brother showed some money, and stated that he had $150.00 belonging to defendant; that the latter was standing by near enough to hear what was said, but he took no part in the conversation, and the witness did not know whether he heard it or not. The court submitted that question to the jury with proper instructions as to the effect of such evidence.

GUERRY & SON; L. J. BLALOCK, for plaintiffs in error.

C. B. HUDSON, solicitor general; W. A. HAWKINS, for the state.

JACKSON, Chief Justice.

1. The defendant was indicted and found guilty of burglary, and excepts to the judgment of the superior court denying him a new trial on two grounds only which are urged before this court. One is that there is not sufficient evidence to support the verdict. That the house of the

prosecutor was broken open and several hundred dollars stolen from a trunk also broken open therein, there is no doubt. It is unquestioned.

The testimony which connects the defendant therewith is that he was in the employment of the prosecutor, that he inquired particularly where the prosecutor would be that afternoon, that it was unusual for him to make such inquiries, that he took position to see whether the prosecutor did go where he said he was going, that the same day he eyed closely the trunk, so much so as to attract the attention of the brother of the prosecutor, that he waited on the prosecutor as usual that Sunday forenoon, and though discharged for the day, was seen about the store which was broken open, and that the back room or one of the rooms which the prosecutor and brother occupied, was a dwelling—they lodging and eating therein, and being there waited upon by the defendant; that he alone, except the prosecutor and brother, had access to a boot-jack on which were marks corresponding with those on the broken bar of the window, and which seemed to have been used to break it open ; that the defendant had no money and was bad off for clothes when the burglary happened, that in a short time he went off to his brother's and there went to school, buying two suits of clothes for every day, and one for Sunday, at a cost of fifty dollars, or some such sum, that he furnished his brother's house with furniture which cost some twenty dollars more, that he had money, some dollar or two, known to witnesses from time to time, that his brother said in his presence and hearing and not denied by him at a candy-pulling he gave, that he had, after the purchase of this clothing and furniture, one hundred and fifty dollars, that all this happened in a month or two after the burglary, and he at school and making no money, but spending it as above indicated, that his brother had none either, being a common laborer and living on wages, and no account at all was given as to how he got this money, thus freely spent

and in so short a time.   We.think that these circumstances point unerringly to the defendant as the burglar, in the absence of all testimony, explanation or statement of any sort from him ; at least that they designate him with sufficient moral certainty to support the verdict of the jury and the approval of that verdict by the presiding judge.

2.  The other ground is the admitting to the jury of the sayings of the brother of defendant in his presence.   It is urged that there was not enough proof that he heard it, which should affirmatively appear.   .The court charged the jury particularly that· they must be satisfied that defendant heard it and tacitly admitted the truth of it, or he would not be bound by it.   The proof is that the witness, the defendant, and the defendant's brother, were standing close to each other after the dance at the candy-pulling was over, and that defendant was near enough to hear, being in immediate and close proximity, and the dance over and no noise of music or aught else to call off his attention.   This proof was sufficient to let in the testimony under the caution given so fully and clearly by the court to the jury.

Indeed the entire charge is unexcepted to and unexceptionable; full of caution in respect to circumstantial evidence and of warnings in regard to mere suspicion of guilt.   In the light of such a charge, as favorable to defendant as the law would authorize, the jury found the defendant guilty, and the author of the charge approved the finding.   We will not disturb it.

Judgment affirmed.·   ·