## *SCHMIDT vs. BLOCK.*

While the original declaration in this case was confused and not as plain and distinct as the law requires, yet the amendment does set up clearly two causes of action, in that it alleges both improper and negligent rules by defendant for working the elevator where the injury sued for occurred, and the defective machinery of the elevator itself, as a negligent act of his, and ignorance thereof by the plaintiff, as the cause of the injury.

(a.) Where knowledge is essential to charge the master, negligent ignorance is equivalent to knowledge. 2 Thomp. Neg. 994; Shear. and Redf. Neg , 93.

Judgment reversed.

March 23, 1886.

JACKSON, Chief Justice.

---

*No full reports or opinions are published in this and the following cases, under the provisions of the act of March 2, 1875.

[William C. Schmidt brought suit against Frank E. Block to recover damages for a personal injury, alleging as follows:

"The petition of William C. Schmidt respectfully shows that Frank E. Block, of said county, has injured and damaged him in the sum of ten thousand dollars; for that, heretofore, to-wit: On or about the 16th of November, 1881, he was employed by said Frank E. Block to labor in and about his cracker and candy factory in the city of Atlanta, in the removal of freight and goods from the sidewalks on Alabama and Pryor streets, adjoining said defendant's factory, and in transporting goods of said Frank E. Block from one place to another, as the needs of defendant's business required, and to place such goods in different parts of defendant's said cracker and candy factory, up and down stairs, as ordered by defendant.

Petitioner further shows that, in the discharge of his duty to, and while working for, defendant in his said factory, he undertook to place, and did place a barrel of syrup or molasses in an elevator, erected in said candy and cracker factory of, and by defendant, which was worked by steam, and which was used and operated by said Frank E. Block in carrying goods from the cellar to the upper stories of defendant's factory and other places therein, as defendant's business required. Petitioner alleges that he did roll said large barrel syrup or molasses from the sidewalk to defendant's elevator, which was waiting to receive and remove the same from the ground floor to the cellar, and in performance of his duty to said Frank E. Block, and while working for him, did place, or attempt to place, said large barrel of syrup or molasses in proper position on or in said defendant's elevator, and while yet engaged in such act and before he had released his hold or grasp on such heavy barrel, without fault or negligence on petitioner's part, or without his carelessness contributing thereto, the said elevator of defendant was improperly and prematurely [put in motion], without fault on petitioner's part, whereby the said heavy barrel of syrup or molasses was precipitated on petitioner, knocking him down and personally injuring your petitioner. Your petitioner says said Frank F. Block failed to provide and furnish suitable catches, stops or locks for such elevator, or competent skilled persons to watch or run the same. Petitioner charges it was no part of his du y to attend to the running of said elevator, but that he had a right to look to and depend upon the said Frank E. Block that such elevator would be skillfully and properly run, but, as he avers, through the improper and careless management of the same, and with the failure to provide sufficient guards or stops, and competent persons to run and conduct the same, he was severely and permanently hurt, as described. Petitioner says that, without any notice to him, the said elevator was moved while he was still engaged in loading on such

barrel of syrup or molasses, and that diligence required of defendant such elevator should not be moved while actually in use, until the employé then actually using the same had finished therewith, but without any notice to your petitioner, and while he was yet using such elevator in placing said barrel of syrup or molasses therein, the said elevator was recklessly put in motion without fault on the part of your petitioner, violently knocking down petitioner and injuring him; and that by the falling of such heavy barrel upon him, and the sudden and severe hurling to the floor of petitioner in the manner and from the causes set forth, he was then and there very badly and permanently ruptured, tearing asunder petitioner's intestines from the lining of his stomach, and almost immediately thereafter causing them to drop and fall down into and distend his testicles, producing thus the most intense pain of mind and body to your petitioner, which has continued from said date up to this present time, and from which petitioner will severely suffer during his life. Petitioner says the injury thus caused him deadened the nerves in his hips, thereby causing his legs to shrink up and fall away, so that, since such injury, and now, it is difficult for petitioner to walk; and that from such injury, caused as aforesaid, he is permanently injured and ruptured, and his ability to do ordinary manual labor diminished fully one-half for life. Petitioner says his age, at the date of such injury, was thirty-five years old. Petitioner states that on the date of such injury, he was receiving one dollar *per diem* from defendant, and has been unable to work since, whereby he has lost to date, from such cause alone, $500.00 in consequence of such injury. Petitioner says the expense of nurses, boarding and medical treatment incurred by him to date on account of such injury, through the negligence of defendant, are $800.00."

Then follows prayer for process. The following amendment was made:

"Plaintiff amends his declaration in the following respects: That he was employed by defendant in a complex and dangerous business, to-wit: Defendant [had] four or five stories, where he conducted his cracker and candy factory, and an elevator run by steam, to carry freight from the basement to the top story and the intermediate stories; that such business was complicated and dangerous, and defendant failed to prescribe rules sufficient for its orderly and safe management, and through such failure on defendant's part to provide such rules, he was hurt in the manner described. Plaintiff further says said elevator was prematurely and recklessly put in motion by the negligence of defendant in failing to provide sufficient locks and stops and guards to hold and make secure and safely run the elevator, whereby he was hurt in the manner described. Plaintiff says he

had been in defendant's employ but a short time, and had no knowledge of the aforesaid negligent acts of defendant."

On demurrer, the declaration was dismissed, and the plaintiff excepted.]