## 2376.  ATLANTIC COAST LINE RAILROAD CO. *v.* MOORE.

1  The verdict is not without evidence to support it.

2. The charge, construed as a whole, was fair, lucid, and correct, and was not misleading.

(a) The existence of negligence is essentially a fact for solution by the jury.

(b) Proof that the injury was received by the plaintiff through the operation of the defendant's train is prima facie proof of every act of negligence alleged in the petition.

3. Where the age of the person in question is shown, expectancy of life may be determined by the jury without having the mortality tables before them, or without any other direct evidence on the subject.
4. No material error appears.

DECIDED SEPTEMBER 6, 1910.

Action for damages; from city court of Savannah—Judge Freeman. November 1, 1909.

Willie Moore, by his next friend, brought suit against the railroad company for damages on account of personal injuries. He claimed that while he was crossing Henry street in the city of Savannah, late at night, some freight cars were standing on the tracks of the railroad, just on the edge of the crossing, without any light on them, and that when he was opposite the end of one of the cars, an engine or train of the defendant struck the other end without any warning or signals, and knocked the car suddenly on the crossing, whereby the car ran over his foot and mashed and permanently injured it. He alleged that the injury was due to the following acts of negligence on the part of the defendant: (*a*) Failure to lower the railway gates or guards so as to warn plaintiff of the danger incident to the operation of its cars. (*b*) Failure to keep a watchman stationed at the intersection of the defendant's tracks with Henry street, so as to warn pedestrians of the movements of its cars. (*c*) Failure to provide a light so as to illuminate the northern end of the car, and so as to enable the plaintiff to see those in charge of the movement of the car. (*d*) Failure to provide a light or signal on the rear end of the car. (*e*) Failure to station a flagman or brakeman in charge of the car and at the rear end thereof before moving it, so as to warn the petitioner of the intention to shift the car. (*f*) Failure to blow a whistle or sound a gong or give any other warning that the car was to be moved. (*g*) Negligence in suddenly starting the car upon the public crossing violently and without warning.

The plaintiff testified, that between 11 and 12 o'clock on the night of October 7, 1908, he was struck by a train of cars while he was upon the crossing made by the intersection of Henry street and the defendant's tracks; that he was knocked down and his foot seriously and permanently injured; that he was not aware of the presence of the train or that it was going to start; that there was no gate down, no flagman at the end of the cars, no watchman stationed at the street-crossing, no bell rung or whistle blown. He

testified he was 19 years old, and he showed his earning capacity. The railroad company denied that the plaintiff was injured in the manner alleged, and introduced testimony to show that he was not injured on the crossing at all, but was hurt by reason of his endeavoring to board a passing freight-train and falling therefrom. The evidence was conflicting, and the jury returned a verdict for the plaintiff for $1,500. The defendant excepts to the overruling of its motion for a new trial. In addition to the usual general grounds of the motion, the defendant complained of certain instructions contained in the charge of the court to the jury, and of the admission of certain testimony. The special grounds of the motion for a new trial were as follows:

1. Because the court erred in charging the jury as follows: "Applying the law to the facts in the case now before you, should you find from the evidence that the plaintiff has sustained, by proof satisfactory to you, by a preponderance of the evidence, the alleged facts in his declaration, and that the defendant's servants in charge of the car or cars were negligent in the manner alleged, that they did or failed to do what is alleged in the declaration, and that doing or failing to do that amounted to the lack of ordinary care and diligence, and that the plaintiff could not have avoided such negligence by the exercise of ordinary care for his own safety, and that at the time he was injured he was in the exercise of ordinary and reasonable care and diligence, then the plaintiff would be entitled to recover for injury sustained." The error in said charge being: (a) That it submits to the jury, as issues on the question of negligence, three statements set forth in the declaration and declared to be negligence, which did not constitute negligence, either as a matter of law or under the facts proved, and such statements in the declaration should have been eliminated by the charge, to wit: that it failed to provide a watchman stationed at the intersection of Henry street with the tracks of the railroad company, so as to warn passing pedestrians of the movements of defendant's cars; that the defendant failed to provide an electric light or other light at said intersection, so as to enable the plaintiff to see those in charge of the movement of the car; that the defendant was negligent in failing to lower the guard rails or railroad gates that he alleges were located at that point to warn passing pedestrians of the danger incident to crossing the track while the car was in motion.

(*b*) Said charge is misleading and confusing in that it thus submits to the jury statements in the declaration which could not possibly be negligence.    (*c*) Said charge is further confusing and misleading in that it states to the jury in one portion thereof that the defendant would be liable if the plaintiff proved by a preponderance of evidence that "the defendant's servants in charge of the car or cars were negligent in the manner alleged," and in another portion states to the jury that the defendant would be liable if the plaintiff proved by a preponderance of evidence that "they did or failed to do what is alleged in the declaration;" there being several acts of negligence alleged in addition to those of the servants of the defendant in charge of the train.    (*d*) The court should not have left it to the jury to say whether the omission of the defendant to do the acts set out in the declaration, to wit, to have a watchman, an electric light, and to lower the gates, amounted to a lack of ordinary care and diligence.

2.    Because the court erred in charging the jury as follows: "In other words, it must be shown to you that the injury occurred as described in the declaration, and that the injury so done amounted to or was caused by the lack of ordinary care and diligence, either in the acts alleged, or in the omission of acts alleged in the declaration."    The error in said charge being: (*a*) That it submits to the jury, as issues on the question of negligence, three statements set forth in the declaration and declared to be negligence, which do not constitute negligence either as a matter of law or under the facts proved, and such statements should have been eliminated by the charge, to wit: that the defendant failed to provide a watchman; that the defendant failed to provide an electric light; that the defendant failed to lower the gates.    (*b*) Neither of the three said acts being negligence as a matter of law or as a matter of fact, the court should not have left it to the jury to determine whether the alleged omission of the defendant to provide a watchman, to provide an electric light at said crossing, and to lower the gates at said crossing amounted to a lack of ordinary care and diligence. (*c*) Said charge authorized the jury to find for the plaintiff in the event the jury found that the defendant omitted to do any one of the three acts hereinbefore set out, to wit, to provide a watchman, to provide an electric light, and to lower the gates, and that such omission amounted to a lack of ordinary care on the part of the de-

fendant, although the jury may have found that the defendant was not negligent in other particulars alleged in the declaration; it appearing that no one of the three acts of alleged negligence as above set forth was negligence as a matter of law or as a matter of fact. (d) Said charge authorized the jury to find for the plaintiff in the event the jury found that the defendant omitted to do any one of the acts alleged in the declaration, and that such omission amounted to a lack of ordinary care and diligence, although the jury may have found that such omission was not the proximate cause of the injury and did not contribute thereto.

3. Because the court erred in charging the jury as follows: "I charge you that it is a question for you to determine, from all the facts and circumstances of the case, whether or not ordinary care and prudence required that the defendant railroad company should have done what it is alleged in this declaration it failed to do, if you find that it failed to do it, or if it amounted to a want of ordinary care and diligence for it to do what it is alleged in this declaration it did, if you find that it did such a thing. That applies to all of the allegations of negligence set out in the declaration." The error in said charge being the same as set out heretofore in the second ground of the amended motion for new trial in paragraphs (a), (b), (c), and (d).

4. Because the court erred in charging the jury as follows: "If you find, from the evidence, that ordinary care and prudence required that the defendant should have done what it is alleged it should have done to avoid the alleged danger set out in the petition, and that the defendant failed to provide persons, servants, or means as therein alleged to be necessary, in the exercise of ordinary care to avoid the alleged danger, and that such failure was negligence and was the cause of the injuries received by the plaintiff, if you find that such injuries were received by him, and that at the time the injuries were received, by the exercise of ordinary care and prudence on his part, he could not have prevented the same, then that would make such a case as would authorize a recovery on the part of the plaintiff." The error in said charge being the same as set out heretofore in the second ground of the amended motion for new trial in paragraphs (a), (b), (c), and (d).

5. Because the court erred in charging the jury as follows: "Now, gentlemen, if you find that it has been shown, by the pre-

ponderance of the evidence, that the plaintiff in this case has been injured in the manner he described, and because of something alleged to have been done or omitted, in this declaration, and that the doing or omission to do this something alleged in the declaration caused the injury, and amounted to the lack of the exercise of ordinary care and diligence on the part of the defendant company, he may recover, provided he himself was in the exercise of ordinary care and diligence for his own safety." The error in said charge being the same as set out heretofore in the second ground of the amended motion for new trial in paragraphs (*a*), (*b*), (*c*), and (*d*).

6. Because the court erred in charging the jury as follows: "Having arrived at the yearly loss, as indicated above, you can multiply the amount so ascertained by the expectancy of life of the plaintiff, and the result would be the gross amount of the loss he will have sustained during his life-expectancy." The error in said charge being that there was no evidence on which to base such charge, it not having been proved what the life-expectancy of the plaintiff was at the time he was injured.

7. Because the court erred in charging the jury as follows: "This cash value may be arrived at by dividing the gross amount by one dollar, plus the interest on one dollar at seven per cent. for the plaintiff's expectancy of life." The error in said charge being: (*a*) Said charge lays down an incorrect rule for determining the cash value, the true rule being that the gross earnings are not taken as a basis for arriving at the cash value of such loss as that claimed by the plaintiff in this case, but the total amount after allowance has been made for increasing years, feebleness of health, actual sickness, loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, increasing infirmities of age, with a corresponding diminution of earning capacity. (*b*) There was no evidence on which to base such a charge, the plaintiff's expectancy of life not having been proved. (*c*) The rule for determining the cash value of the loss in such a case as this as set out in said charge is not the true rule. The correct amount will not be reached by dividing the gross amount by one dollar, plus the interest on one dollar at 7 per cent.

8. It is insisted that the court erred in admitting the following testimony of West Murray, over the defendant's objections: "He

(Martin Fifer) made a report to me that he believed some one got hurt at Henry street crossing; that he heard the cars run back, and he heard some one holler." The objections to the testimony were, that the evidence was hearsay, and that the witness was seeking to bind this defendant by the statement of a party who bore no relation to the defendant, and whose statements could not, under any circumstances, bind or affect the defendant. The admission of this evidence is insisted to be erroneous for three reasons: (a) That the court permitted hearsay evidence on the most material issue in the case to reach the jury. (b) The court permitted hearsay evidence to go before the jury without warning or instructing them not to consider it. (c) The court permitted the hearsay statement of a party to go to the jury, which statement had the effect of binding the defendant, when it was not shown that the party making the statement bore any relation whatever to the defendant.

Garrard & Meldrim, Shelby Myrick, for plaintiff in error.

Osborne & Lawrence, contra.

RUSSELL, J. (After stating the foregoing facts.) So far as the general grounds of the motion are concerned, it can not be said that the verdict is without evidence to support it. A consideration of each of the exceptions to the charge of the court, in connection with the charge as a whole, as it appears in the record, and a careful examination of the brief of evidence, convinces us that the charge contains no error which requires a grant of a new trial. The several exceptions which we have quoted furnish an illustration of the fact that when only segregated excerpts of a charge are considered, a minor error may be seemingly aggravated, and error appear to exist, where in fact there is none. As appears in the context of the charge (following the portion which is made the subject of the first exception, and also in other portions of the charge), the jury were several times told by the court that the plaintiff could not recover for any negligence of the defendant, if any had been shown, other than that specifically charged in the petition. The questions which arise, then, are, whether the portions of the charge excepted to were misleading and confusing; whether the court should have specifically eliminated certain allegations of negligence, because of lack of evidence to support them; and whether the charge authorized the plaintiff to recover even though

some of the grounds of negligence relied upon may not have been the proximate cause of the injury or have contributed thereto. It is insisted that the court erred in leaving to the determination of the jury whether certain acts or omissions of the defendant were in fact negligence. We would only say, in regard to this last insistence, that we heartily approve the charge of the court in this respect, because negligence is purely a question of fact, and its absence or existence should always be submitted to the jury for their determination.

As to the insistence of the plaintiff in error that the charge of the court submits to the jury, as issues of fact, on the question of the defendant's negligence, three allegations of negligence as to which no evidence was introduced, it is only necessary to say that when the plaintiff proved his injury, and proved that it was caused by the defendant's train, all of the distinct allegations of negligence in the petition were presumptively proved, and the burden was cast upon the defendant of rebutting that presumption. If the defendant failed to rebut this presumptive proof (and in this case no evidence to that effect was offered), the plaintiff had established prima facie that his injury was due to each and all of the negligent acts or omissions charged in his declaration; so we do not think the insistence can be maintained that the court's charge was without evidence to authorize it. As to the failure to furnish gates or guards, the failure to furnish a watchman and to provide electric or other lights, it was not for the court, but for the jury, to say whether these omissions on the part of the defendant company, or either of them, constitute negligence. See *Columbus Railroad Co.* v. *Asbell,* 133 *Ga.* 573 (66 S. E. 902).

The plaintiff in error insists that a plaintiff can not detail in a petition a number of absurd allegations of negligence and then have the court submit them to the jury, without reasonable evidence to prove them. In regard to this it is only necessary to say that if the allegations of a petition are absurd or unreasonable, and it palpably appears that the statement of facts in the petition would not constitute actionable negligence, a timely demurrer would serve to raise the issue of law and to cause the elimination of those allegations which should not properly be submitted to the jury.

It is held in *Savannah etc. Railway* v. *Beasley,* 94 *Ga.* 142 (21 S. E. 285), that "in charging the jury upon negligence, the

court should not enumerate acts or omissions which are wholly out-
side of any degree of diligence which the law requires." Assum-
ing, then, that the plaintiff had proved the allegations contained in
his petition by the presumption arising from proof of the injury,
did the court err in submitting to the jury the failure to furnish
a watchman to lower the gates or to provide electric lights, for the
reason that they were outside of any degree of diligence required
by law? We think not. Of course, "diligence," like "negligence,"
is a relative term. In determining whether due diligence is used
in any particular case where negligence would be wrongful, all of
the surrounding circumstances are to be considered. A degree of
diligence which might suffice under one set of circumstances might
be wholly inadequate under different conditions. This is a matter
which the law recognizes, and in every case the jury, in determining
the fact of negligence or no negligence, must be governed by the
circumstances and conditions surrounding the act or omission under
consideration. In our view that all questions of negligence are
primarily questions of fact, there could certainly be no error in
submitting to the jury whether the failure to provide lights, or to
lower the rails, or to place a watchman at this street-crossing,
should have been submitted to the jury in connection with the
other circumstances of the case, to allow the jury to say whether
these omissions were, under the existing circumstances, negligence.
But inasmuch as it appears undisputed in the evidence that the
point where the plaintiff claimed to have been hurt was upon
a much traveled street of a populous city, and that, in addition,
the tracks of the defendant at this particular point were almost
constantly used, we think the court would have been safe in assum-
ing that the omissions which were charged as negligence were not
outside of that degree of diligence which the law would require at
such a locality, and that therefore the charge of the court was not
in conflict with anything held in the *Beasley* case, supra.

It is insisted that the instructions of which complaint is made in
the first three special grounds of the motion for a new trial are in
conflict with the ruling of the Supreme Court in *Alabama Midland
Ry. Co.* v. *Guilford,* 114 *Ga.* 631 (40 S. E. 796), in which case the
court charged that if the defendant was negligent "in *any* of the
particulars set out in the declaration and contended for by the
plaintiff, you should find this defendant company liable, provided

13

you find that the plaintiff sustained an injury." · It is true that this charge was disapproved by the Supreme Court, but it was expressly upon the ground that some of the allegations, even if proved, would not have authorized a recovery against the defendant; and the court says further: "The charge left the jury free to find for the plaintiff because of any such act of negligence, although such act may not have in any wise contributed to the plaintiff's injury." The facts in the *Guilford* case were very dissimilar to those in the case at bar, because, in our judgment, any one of the acts of negligence alleged in the present case, if the plaintiff was himself free from fault, might have caused or contributed to the injury and authorized a recovery.    It is to be noted, too, that in *Kelly* v. *Strouse,* 116 *Ga.* 890 (43 S. E. 280), the method of reviewing the pleadings, sanctioned in the *Guilford* case, supra, is expressly disapproved.    For the reason, then, that we think that the allegations of negligence were within that degree of diligence which the law requires, and because all or any of them could have been considered to be the proximate cause of the plaintiff's injury, we hold that there was no error in the charge of the court as given, and that the judge was not required to eliminate any of the acts or omissions alleged to be negligence.    Of course, the court was required to charge the jury that they must find the specific acts of negligence to have been the proximate cause of the injury; but the judge was not required to needlessly repeat the instruction in totidem verbis that the negligence charged must be the proximate cause of the injury.    In the first instruction of which complaint is made, the judge charged this principle by exclusion.    He instructed the jury that the plaintiff could not recover for any negligence not specifically charged; that if the defendant was negligent in the respects charged, and the plaintiff could not have avoided the negligence alleged, by the exercise of ordinary care for his own safety, and that if he was in the exercise of ordinary and reasonable care, then he would be entitled to recover.    The court then proceeded as follows: "I charge you that the plaintiff, if he is entitled to recover, is entitled to recover only upon the allegations set forth in his declaration, and none other.    In other words, it must be shown to you that the injury occurred as described in the declaration and that that injury, so done, was caused by the lack of ordinary care and diligence, either in the acts alleged or in the omission of acts alleged

in the declaration." Further on in the charge the court repeats the instruction to the effect that the jury must find that the negligence alleged was the cause of the plaintiff's injuries, in the following language: "If you find, from the evidence, that ordinary care and prudence require that the defendant should have done what it is alleged it should have done to avoid the alleged danger set out in the petition, and that the defendant failed so to provide persons, servants, or means as therein alleged to be necessary, etc., . . and that such failure was negligence *and was the cause of the injury received, etc.,* then that would make such a case as would authorize a recovery on the part of the plaintiff." In the charge excepted to in the 5th special ground of the motion for a new trial the jury is again instructed that the plaintiff can only recover if he was injured in the manner described, *and because of something alleged to have been done or omitted.* We do not think that the jury could have failed to understand that the plaintiff could only recover on account of such negligence as was the proximate cause of the injury, even though the term "proximate cause" was not used. In actions for damages for personal injuries the jury should of course be informed that an act of negligence which is not the proximate cause of the injury should not be considered; but in the absence of a request for specific instructions upon that point, the fact that the idea is conveyed indirectly, and otherwise than by a pointed statement to that effect, though plainly, does not afford ground for a new trial.

We find no error in the instructions upon the measure of damages. The age of the plaintiff was in evidence, and although the mortality tables were not introduced, the plaintiff appeared before the jury, and there is nothing in the evidence to show that his health or habits were either better or worse than the average. With these facts before them the jury could as well determine the expectancy of the plaintiff from their observation and experience as from the tables of mortality. The court having fully instructed the jury that they were to take into consideration lost time and irregularity of income, feebleness of health, actual sickness, loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, and increasing infirmities of age, there was no error in charging the jury as follows: "Having arrived at the yearly loss, as indicated above, you can multiply the amount so

ascertained by the expectancy of life of the plaintiff, and the result will be the gross amount of the loss he will have sustained during his life expectancy." *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654, 669 (62 S. E. 130) ; *Savannah etc. Ry. Co.* v. *Stewart,* 71 *Ga.* 446. In the case last cited Judge Jackson says: "I know of no law which requires tables of the probable length of life and its probable worth to be introduced. They may be a useful circumstance, but are not conclusive or absolutely essential."

There is no merit in the exception to the charge that the cash value may be arrived at by dividing the gross amount by $1, plus interest on $1 at 7 per cent. for the plaintiff's expectancy of life. The complaint is that the instruction lays down an incorrect rule for determining the cash value, especially because allowance must be made for increasing years, feebleness of health, sickness, loss of employment, etc. As we have already pointed out, the judge had already instructed the jury to make deductions and allowances for these matters. In the extract excepted to, the court referred to a gross sum, but this sum was to be arrived at by considering all of the contingencies and reductions which had been referred to by the court in connection with the expectancy of life. The instruction, properly construed, means the annual income and the average expectancy, both diminished by the various contingencies pointed out in the charge. The same instruction of which complaint is here made was given in the case of *Savannah Electric Co.* v. *Bell,* 124 *Ga.* 668 (53 S. E. 109), and was approved as a correct rule for estimating the present value of a sum payable in the future, the court citing Kinney *v.* Folkerts, 84 Mich. 316 (48 N. W. 283). But even if the instruction complained of is not technically correct, it would afford no ground for a reversal, for the reasons stated in the *Corcoran* case, supra.

The error complained of in the 8th ground, if an error at all, appears harmless when the assignment is considered in connection with the note of the presiding judge, and when the excerpt from Murray's testimony is read with its context. In approving this ground the judge says that the 8th ground is approved with the qualification that the plaintiff expressly disclaimed that the statement narrated by the witness as having been made to him by Martin Fifer was introduced for the purpose of establishing the truth of the

hearsay statement of Fifer to the witness West Murray. This testimony was admitted for the sole purpose of fixing the time of day of the original report made by Fifer to Murray, it being contended that this was a circumstance to aid in fixing the time the injury was inflicted, and was introduced and used for this and no other purpose. The said statement was not urged before the jury in argument save for the purpose aforesaid. One of the issues in the case was the time of the occurrence in which the plaintiff claimed to have been injured. The plaintiff contended that he was injured between 11 and 12 o'clock. The defendant's witnesses testified that he was injured between 12 and 1 o'clock. The fact that Martin Fifer reported the circumstance to West Murray at 11 o'clock was certainly relevant, and what he said in making the report could very properly be considered as part of the res gestæ of the report. Granting that what Martin Fifer said to West Murray was hearsay, it would nevertheless be admissible as explanatory of Fifer's conduct. Hearsay is admissible to explain motive or conduct; and as the court properly restricted the purpose for which this evidence was used, the assignment of error complaining of its introduction is not meritorious.

Upon a review of the whole case we are satisfied that the trial was without error, and that the result of the case turned solely upon the credibility of the witnesses. There was, therefore, no error in refusing a new trial.  *Judgment affirmed.*