## MAYOR & COUNCIL OF GAINESVILLE *v.* HANES.

1. When the charge of the court is considered as a whole, the defendant's exceptions are not well taken as to the instruction to the effect that, in order to recover, the plaintiff must prove that the defendant was negligent in one or more of the ways alleged in the petition, and that it is not necessary that all the grounds of negligence alleged shall be proved; that it would be sufficient if one or more of them were sustained by evidence, under the rules of law given in charge, "if that negligence was the proximate cause of the injury," and the person injured was in the exercise of ordinary care at the time of receiving the injury.

2. The charge of the court as to whether notice to a policeman would be notice to the city was not harmful error, when considered in connection with the rest of the charge and the facts of the case.

3. As to the damages recoverable where disability from injuries is merely temporary, and not permanent, the charge of the court was sufficient, in the absence of a request for more full instructions on the subject.

4. It is not cause for a new trial that the court, after correctly stating to the jury the defendant's contention that the defect in question was a latent defect, failed to explain what is meant by "latent defect."

5. The requests to charge, so far as correct and appropriate, were covered by the charge of the court.

6. There was ample evidence to support the verdict.

DECIDED AUGUST 1, 1918.

Action for damages; from city court of Hall county—Judge Wheeler. November 8, 1917.

The second division of the decision relates to the following ground of the motion for a new trial: "Because the court charged the jury as follows: 'As before charged you, the question of notice to the municipal corporation is one for you to determine from the evidence. In that connection I charge you this: that notice to a police officer would not, as a matter of law, be notice to the city. As to whether or not it would constitute notice to the city would depend upon the relation of that officer to the municipal corporation, and whether or not notice to a policeman would be notice to the city would depend upon the facts and circumstances surrounding the case.' Movant contends that this charge was error for two reasons: (*a*) Because there was no evidence introduced which would . . show that the police officers had any duties with reference to the streets and sidewalks, and the court should have so instructed the jury; and (*b*) because the notice to a policeman which would have bound the city does not depend upon his duties with reference to the municipality, but depends on what his duties are with reference to the streets and sidewalks."

*C. N. Davie,* for plaintiff in error.

*H. H. Perry, W. A. Charters, W. N. Oliver,* contra.

BLOODWORTH, J. Lester C. Hanes sued the mayor and council of the City of Gainesville, alleging that his wife, Eula Hanes, while walking on a sidewalk of the city "fell into a meter hole on said sidewalk made there by the said defendant," and was injured thereby. The following acts of negligence were alleged: "The said corporation was negligent in having said meter hole on and in the sidewalk where individuals constantly passed. The said hole and the said cap over the same was dangerous in character,

and said cap or cover [of] said hole was insecurely fastened. The condition of said sidewalk and said hole and said cap or cover had been known by the mayor and council of said city for a long time, and had been in its dangerous condition so long that they were charged with the knowledge thereof. The said mayor and council were negligent in not having said cap in a safe condition, were negligent because said hole and said cap had not been properly constructed by the said mayor and council and was originally of unsafe design, and were negligent in allowing said cap to remain in said condition. Said corporation was negligent in not notifying the public of the imperfect condition of said cap that covered said hole, and in not guarding the same, and in not having inspected the same." The petition further alleged that the plaintiff and his "said wife did not know the existence of said hole or that said cap over said hole was not secure, and were without fault on their part." It was prayed that the plaintiff be awarded $5,000 for the services of his wife, of which he was deprived, and $500 for doctor's bill and other expenses. There was no demurrer to the petition. The defendant denied liability, and denied "that the cap was in an imperfect condition and that this defendant should have guarded the same." The trial resulted in a verdict of $500 for the plaintiff. The defendant's motion for a new trial was overruled, and the movant excepted.

1. The 4th ground of the motion for a new trial (the first special ground) alleges error in the following excerpt from the charge of the court: "The plaintiff must recover, if at all, by proof to your satisfaction, by a preponderance of the evidence, that the defendant was negligent in one or more of the ways in which the plaintiff alleges in his petition that the defendant was negligent. I charge you that it is not necessary, in order to give the plaintiff the right to recover, that all of the grounds of negligence set out in the petition be proved—it would be sufficient for that purpose if any one or more of the grounds of negligence set out in the petition be sustained by the evidence, under the rules of law which the court has given you, if that negligence was the proximate cause of the injury, and the plaintiff's wife was herself in the exercise of ordinary care at the time the injury was received, if one was received." This portion of the charge is not erroneous for any reason alleged. It is specifically alleged that it is

erroneous because it withdrew from the consideration of the jury "what is and what is not negligence, and instructed them that each allegation of the allegations in the petition stated negligence." When considered in connection with the whole charge, we do not think the jury could have put this construction upon it.   The court was guarding the jury against basing a verdict on any negligence not alleged, and the charge, properly construed, was not that the jury could base a verdict on any act or omission of the city that was alleged, but that a verdict for the plaintiff could be based only on one or more of the acts alleged to be negligence, and shown to be such by the evidence.   After charging as above set out, the judge charged the jury that before they could find for the plaintiff they "must believe from the evidence, under the rules which the court has given  .  .  in charge, that the defendant was negligent and that *that negligence was the proximate cause of the injury.*  [Italics ours.]   It will thus be seen that the words "proximate cause" were expressly used in the charge, and this idea was not "conveyed indirectly," as in the case of *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App.* 185 (68 S. E. 875).   In the opinion in that case (p. 186) it appears that the injury was alleged to have been caused by seven acts of negligence.   In discussing these alleged acts of negligence Judge Russell (p. 192) said: "The plaintiff in error insists that a plaintiff can not detail in a petition a number of absurd allegations of negligence and then have the court submit them to the jury, without reasonable evidence to prove them.   In regard to this it is only necessary to say that if the allegations of a petition are absurd or unreasonable, and it palpably appears that the statement of facts in the petition would not constitute actionable negligence, a timely demurrer would serve to raise the issue of law and to cause the elimination of those allegations which should not properly be submitted to the jury."   It will be noted that in the instant case there is no demurrer to the petition.   In the case referred to above, Judge Russell said further:   "We do not think that the jury could have failed to understand that the plaintiff could only recover on account of such negligence as was the proximate cause of the injury, even though the term 'proximate cause' was not used.   In actions for damages for personal injuries the jury should of course be informed that an act of negligence which is not the proximate cause of the injury

should not be considered; but in the absence of a request for specific instructions upon that point, the fact that the idea is conveyed indirectly, and otherwise than by a pointed statement to that effect, though plainly, does not afford ground for a new trial." An examination of the charge complained of in this case will show that it is quite different from the one in the case of *Alabama Midland Ry. Co.* v. *Guilford,* 114 *Ga.* 627, 631 (47 S. E. 794), relied on by plaintiff in error, and from which the *Moore* case, supra, is differentiated by Judge Russell. See also *Cavanaugh* v. *Biggin,* 9 *Ga. App.* 466 (1); *Western and Atlantic Railroad Co.* v. *Watkins,* 14 *Ga. App.* 389 (8).

2. When considered in connection with the entire charge of the court and the facts of the case, there is no error harmful to the plaintiff in error in the charge complained of in the 5th ground of the motion for a new trial.

3. The 6th ground of the motion for a new trial is that "the court failed to charge the jury the contention of movant that the liability [disability?] of the respondent's wife was temporary and not permanent, partial and not total, and failed to distinguish between the two so that the jury could correctly measure the damages. Movant insists that there was evidence introduced which could support a finding of temporary or partial disability, and the court should have charged upon this contention." In addition to charging the jury that in fixing the amount of the damages they could "take into consideration the nature of the services and the circumstances of the case" and the extent to which the injury "impaired her services," the court charged as follows: "The jury may consider all the facts and circumstances in determining the amount, if they determined that the plaintiff is entitled to recover at all, and in that connection you may consider whether those injuries are temporary in their nature, or whether they are permanent in their nature—that is, whether the loss occasioned by the injuries is temporary, or whether it is permanent. At last your verdict must be based, if for the plaintiff, upon the loss caused to the husband." If a fuller charge was desired, a request for it should have been made as provided by statute.

4. There is no merit in the 7th ground of the motion for a new trial. In this ground it is admitted that "the court, in stating the contention of the defendant, correctly stated that the defend-

ant contended that the defect was a latent defect," but it is insisted that the judge nowhere explained "to the jury the meaning of a latent defect, or what would or would not constitute a latent or a patent defect." "The failure to charge a proposition of law applicable to the case can not be taken advantage of by assigning error upon a charge which is abstractly correct." *Roberts* v. *Stale,* 114 *Ga.* 450 (2), 452 (40 S. E. 297).

5. As far as correct and appropriate, all the requests to charge were covered by the charge of the court.

6. There was ample evidence to support the verdict.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*