11656.　OCILLA SOUTHERN RAILROAD CO *v.* McINVALE.

1. Approval with material qualifications by the trial judge is not a sufficient approval of special grounds of a motion for a new trial.
2. It was not error to charge the jury that if the plaintiff showed that her injuries were caused by the running of the locomotive and cars of the defendant railroad company, the burden would be upon the company to establish, "by a preponderance of the evidence," that its employees in charge of the train were exercising all ordinary care and diligence.
3. A charge to the effect that on proof of injury to the plaintiff by the running of the defendant railroad company's locomotive or cars a presumption arises that the defendant was at fault "in each and every one of the ways alleged in the plaintiff's petition" was not error for any reason assigned, although the petition may have contained inconsistent allegations.
4. The instructions to the jury as to the statutory duties of railroad companies at crossings were not erroneous for any reason assigned.
5. Negligence of the driver of the automobile was not imputable to the plaintiff, who was riding in it as a guest.
6. A verdict for $25,000 was not excessive for personal injuries to a woman who when injured was 21 years old, with a life-expectancy of more than 40 years and earning $50 a month as a school-teacher, where the injuries were serious and permanent, caused her great and long-continued pain and suffering, and necessitated numerous serious surgical operations.
(*a*) Judicial notice will be taken that the normal value of the dollar had greatly decreased at the time of the rendition of the verdict (October, 1919) and when the motion for a new trial was overruled (May, 1920).

DECIDED DECEMBER 23, 1920. .

Action for damages; from Ben Hill superior court — Judge Gower. May 6, 1920.

*Wall & Grantham, Quincey & Rice,* for plaintiff in error.

*F. G. Boatright, A. J. McDonald,* contra.

BROYLES, C. J. 1. Where a ground of an amendment to a motion for a new trial is not approved as true by the judge, but is approved with certain material qualifications, it will not be considered by this court. "If the judge approve the ground of the amendment, without more, this is a sufficient approval; but an express approval with certain added qualifications is not an unqualified approval of the ground as true." *McLean* v. *Mann,* 148 *Ga.* 114 (1) (95 S. E. 985), and citations; *Griggs* v. *State,* 17 *Ga. App.* 301 (85 S. E. 726), and citations; *New* v. *State,* 26 *Ga. App.* 5 (105 S. E. 50). Under this ruling grounds 1, 2, 6, 7,

8, and 9 of the amendment to the motion for a new trial cannot be considered.

2. On a trial of an action against a railroad company, for damages for personal injuries, it is not error for the court to charge that if the plaintiff has shown that her injuries were caused by the running of the locomotive, cars, etc., of the defendant railroad company, the burden is then upon the company to establish " by a preponderance of the evidence, " that its employees, agents, and servants in charge of the train were in the exercise of all ordinary care and diligence. *Georgia Southern & Florida Ry. Co.* v. *Young Investment Co.,* 119 *Ga.* 513 (1) (46 S. E. 644).

3. The charge to the effect that when a plaintiff has proved that he was injured by the running of the defendant railroad company's locomotives or cars, a presumption arises that the defendant was at fault " in each and every one of the ways alleged in the plaintiff's petition, " was a correct statement of the law, and was not error for any reason assigned. *Ellenberg* v. *Southern Ry. Co.,* 5 *Ga. App.* 389 (1) (63 S. E. 240) ; *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App.* 185 (2 *b*) (68 S. E. 875) ; *Georgia Southern & Florida Ry. Co.* v. *Thornton,* 144 *Ga.* 481(2), and numerous cases there cited on page 484 (87 S. E. 388).

(*a*) The mere fact that the petition may have contained " inconsistent " allegations of negligence would not affect the above ruling, since the defendant failed to avail itself of the offices of a timely demurrer to eliminate those allegations which were claimed to be inconsistent. See, in this connection, *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App* 192 (68 S. E. 875).

4. Under the facts of the case and the charge of the court as a whole, it was not error, for any reason assigned, to give the following instructions to the jury :

(1) " There must be fixed on the line of railroad, and at a distance of four hundred yards — this being a code section, — a provision of our law, rather — at a distance of four hundred yards from the center of such road crossing — referring to public crossings and street crossings — and on each side thereof, a post, and the engineer shall be required, whenever he shall arrive at either of said posts, to blow the whistle of the locomotive until it arrives at the public road, or street, as the case may be, and to simultaneously check and keep checking the speed thereof, so

as to stop in time should any person or thing be crossing said track on said road, or street; provided, that within the corporate limits of the cities, towns, and villages of this State, the several railroad companies shall not be required to blow the whistle of their locomotive on approaching crossings or public roads in said corporate limits, but in lieu thereof the engineer of said locomotive shall be required to signal the approach of their trains to such crossings and public roads in said corporate limits by tolling the bell of said locomotive. "

(2)   " The sections of the code which I have just read to you, and which are generally referred to as the ' blow-post law,' may not apply to the case on trial in all of the particulars therein enumerated.   A railroad company, no more than an individual, is required to do an impossible thing.   If you should find, from the evidence, that this train was started on, or very near, the crossing, then the railroad company could not and would not be required to check and keep checking the speed of its train until the crossing was reached, but it would still be under the duty, if the crossing was in a city, town, or village, and it is admitted in the defendant's answer that this did occur in the city of Fitzgerald, Georgia, to ring the bell of the locomotive, and have the train under such management and control as to be able to stop if any person, or thing, was on the crossing, and the failure to ring the bell, or the failure to have the train under such control and management as to be able to stop, and a failure to stop, if any person, or thing, was on the crossing, would be acts of negligence as a matter of law; and if the plaintiff's injuries, if you did find that she was injured, were proximately caused by such act or acts of negligence, then she would be entitled to recover a verdict against the defendant, unless it should further appear, from the evidence, that the injury was done with the consent of the plaintiff, or that she could by the exercise of ordinary care have avoided the consequences of the defendant's negligence; or in such a case proof that the injured person contributed to the injuries may be shown in mitigation of damages, or to defeat a recovery if such contribution amounted to a failure to exercise ordinary care under the existing circumstances. "   *East Tenn. Va. & Ga. Ry. Co.* v. *Markens,* 88 *Ga.* 60 (4) (13 S. E. 855, 14 L. R. A. 281) ; *Central of Georgia Ry. Co.* v. *Hall,* 109 *Ga.* 369 (34 S.

E. 605) ; *Bryson* v. *Southern Ry. Co., 3 Ga. App.* 407, 409 (59 S.
E. 1124).

5. The plaintiff when injured was riding as a guest in an auto-
mobile, and any negligence of the driver thereof was not imputa-
ble to her. *Central of Georgia Ry. Co.* v. *Reid, 23 Ga. App.* 694
(99 S. E. 235), and authorities there cited. Under all the facts
of the case a recovery for the plaintiff was authorized.

6. A ground of the amendment to the motion for a new trial
alleges that " the verdict in favor of the plaintiff for twenty-five
thousand dollars was grossly excessive, and was so large as to
justify the inference of gross mistake or undue bias on the part
of the jury. " The plaintiff was a young white woman, 21 years
old, earning, at the time she was injured, $50 a month as a
school-teacher, and with a life-expectancy of more than 40 years.
The evidence authorized a finding that she was seriously and per-
manently injured, and that her injuries caused her great and
long-continued pain and suffering, and necessitated numerous
serious surgical operations. Under these facts, this court can not
hold that the trial court erred in overruling this ground of the
amendment. While the verdict was a large one, this court will
take judicial cognizance of the universally known fact that at the
time of the return of this verdict (October, 1919), and at the
time of the overruling of the motion for a new trial (May, 1920),
the normal value of the dollar had greatly decreased.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*