38716, 38717. SMITH v. LAMB (two cases).

158

*Thomas F. Allgood, Olin B. Cannon,* for plaintiffs in error.
*Carlton G. Matthews, Jr.,* contra.

TOWNSEND, Presiding Judge. *Code* § 81-121 provides that a minor between the ages of 14 and 21 years of age must be personally served, after which the court shall appoint a guardian ad litem, and the minor shall then be considered a party to the proceedings. Unlike most defenses, infancy, so far as service of process is concerned, is not a defense personal to the defendant, but is a statutory method of making parties, in the absence of

which the minor defendant is not bound by the judgment. *Maryland Cas. Co. v. Lanham,* 124 Ga. 859 (1) (53 S. E. 395). A proper method of raising this issue is for the minor defendant to file a plea in abatement. *Miller v. Luckey,* 132 Ga. 581 (1) (64 S. E. 658). However, appearance and pleading to the action by the infant through counsel, and even the fact that he was personally present and testified on the trial of the case, is not of itself sufficient to validate the judgment rendered where there was no service of process according to the statute, unless the infant is subject to an estoppel in pais based on fraud and deceit when he has reached such years of discretion that fraud may be imputed to him. *Brown v. Anderson,* 186 Ga. 222 (197 S. E. 761). "Estoppels do not apply to or affect infants, except in cases where an infant's fraudulent act or representation is made with a view to deceive or defraud." *Jones v. Cooner,* 137 Ga. 681, 683 (74 S. E. 51). But fraud may arise from silence where there is a duty to speak. "Even minors may be estopped by their admissions from denying the truth of them, or by their silence when the circumstances call for a disclosure of their claims or their rights, provided the minor has arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him." *Wolff & Happ v. Hawes,* 105 Ga. 153, 158 (31 S. E. 425). In every case we have examined involving the rights of an infant defendant based upon the fact that no guardian ad litem was appointed for him by the court, and where the infant responded by any sort of appearance, whether by filing an answer or participating personally in the trial, it appears either that the plaintiff and the court had knowledge of the infancy, so that it could not be said any deception was practiced, or else that the infant raised the question by a timely objection. In no case does it appear that one who gave every appearance of having arrived at majority, including marriage to a woman who had herself reached majority, was allowed to appear and participate in a trial, with every reason for assuming that the court and the opposite parties considered him an adult, took his chances upon a verdict in his favor, and, having failed to gain one, then urged the defense of infancy for the first time. The defendant here made no overt misrepresentation; unless his si-

lence until the trial was over, with knowledge that the defense was unknown, amounted to deceit, he is entitled to prevail. But, as pointed out in the *Hawes* case, silence where the circumstances call for a disclosure of the infant's rights is itself sufficient to create such an estoppel. An infant who after reaching an age of discretion stands by in silence while his property is sold, by his silence creates such an estoppel, for "infants are not privileged to practice deceptions or cheats on innocent persons." *Whittington v. Wright*, 9 Ga. 23, 28 (4). "Silence is an act [of fraud] when it is intentionally used to suppress the truth. Suppression of the truth is not a fraud unless used as a means of deceiving another. No man is compelled to break silence and speak, unless there is an obligation resting upon him to speak." *Reeves v. Williams & Co.*, 160 Ga. 15, 20 (127 S. E. 293). It was held in *Respass v. Zorn*, 42 Ga. 389, that fraud sufficient to set aside a judgment existed where one party, taking an undue advantage of another's absence, dismissed a pending action involving title to land and in its stead procured an intruder's warrant, which he then enforced, knowing that the absence of the opposite party and his ignorance of the dismissal prevented his filing a counter-affidavit, and the court stated: "One cannot escape the conclusion that the machinery of the law has been used to give to the defendant an unfair advantage in the contest for this land." Since every legitimate presumption will be indulged in favor of the validity of the verdict, it must be assumed from the failure of the defendant to allege either (a) that he did not know the defense was available to him until after verdict or (b) that he had reason to believe the plaintiffs knew his status, or (c) any other facts from which they might reasonably have been put on notice that he was in fact a minor, that the defendant did in fact know of his minority and that it was a defense, and knew that the plaintiffs and the court were ignorant of such fact. Without urging his defense he put the matter to the test and took a chance upon a verdict in his favor. Only when the final judgment went against him did he complain. He was present at the trial; had his appearance in any way indicated his infancy the court would doubtless have raised the question, since the power to appoint a guardian ad litem is an incident

of the courts. *Nicholson v. Wilborn,* 13 Ga. 467 (3). In *Williams v. Buchanan & Bro.,* 75 Ga. 789, 792, where the defendant delayed a technical defense until after judgment, the Supreme Court curtly observed that "Courts of law do not favor such tricks." The service upon the defendant was the equivalent of personal service (*Code* § 68-801) and the only defect lies in the fact that no guardian ad litem was appointed until the issue of infancy was made to appear, which was after the verdict and judgment but before the ruling on the motions for a new trial.

The affidavits offered in support of the motions for a new trial and to set aside the judgment fail to show a good ground for reversal because neither there nor elsewhere in the record do any facts appear to negative the logical inference that the defendant, with knowledge of his rights, and knowledge that the court and the opposing parties were ignorant thereof, chose to fight the case on its merits with the aid of able and skillful counsel, intentionally reserving the defense of infancy for the event of defeat, and thereby using the machinery of the court for a purpose for which it was not intended. Under these circumstances an estoppel in pais resulted from the defendant's silence.

The trial court did not err, after appointing a guardian ad litem, in thereafter overruling the motions for a new trial and the motions to set aside the judgment.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*