### 40441. ROEBUCK et al. v. PAYNE.

PANNELL, Judge. 1. "Where an infant is a party defendant in a civil action it is ordinarily necessary to the validity of the judgment that the court appoint a guardian ad litem to protect his interests. An estoppel in pais to urge the defense, however, may arise where, as here, the fact of infancy is unknown to the court or the opposing parties, no facts are shown which would reasonably cause them to question the defendant's age, and the defendant, with knowledge of his rights and of the ignorance of the court and the parties to the case, appears, pleads, and actively participates in the trial as the leading witness for the defense, being at all times represented by counsel. Silence will constitute deception where there is a duty to speak. Such a duty arises where the machinery of the law would otherwise be subverted to a purpose not intended, that of giving one side two chances for a verdict in his favor where the other side has only one." *Smith v. Lamb*, 103 Ga. App. 157 (118 SE2d 924). While waivers or estoppels are not ordinarily imputable against infants, the instant case shows an estoppel in pais based on fraud and deceit by the infant who has reached an age of discretion when fraud can be imputed against him. *Brown v. Anderson*, 186 Ga. 220 (1) (197 SE 761). The rule would not be altered by the fact that the minor had, in the presence of the attorney for plaintiff, testified as to his age (although incorrectly), which testimony showed he was a minor at the time of service, but of age at the time of taking the testimony which was several months before the trial, and particularly so where the attorney for the defendants discovered they were minors during the trial and before the verdict. The trial judge did not err in overruling

the motion to set aside the verdict which was made on the grounds that the defendants were minors at the time of service and the time of trial.

2. "Knowledge of the driver's incompetency is an essential element of the rule which holds an owner liable for furnishing his automobile to an incompetent driver. See *Holt v. Eastern Motor Co.*, 65 Ga. App. 502, 508 (15 SE2d 895); *Graham v. Cleveland*, 58 Ga. App. 810 (200 SE 184)." *Marques v. Ross*, 105 Ga. App. 133, 139 (123 SE2d 412), *NuGrape Bottling Co. v. Knott*, 47 Ga. App. 539 (1) (171 SE 151); and such knowledge must be actual rather than constructive, *Graham v. Cleveland*, 58 Ga. App. 810, supra, *Hines v. Bell*, 104 Ga. App. 76 (3b) (120 SE2d 892), disapproving language to the contrary in *Holt v. Eastern Motor Co.*, 65 Ga. App. 502, 508, supra.

"Constructive notice does not possess in its own essential nature the character assigned to it by law. From the exigent presumptive inferences which the law permits to be deduced from circumstantial evidence, and for reasons of public policy, the law sometimes imputes constructive knowledge of a fact or condition. But this is, after all, a knowledge or notice established in the mind of the law, in consequence of the way in which the law interprets the evidentiary facts upon which the presumption of knowledge depends, and is a creation of the law in its act of construing facts, conduct, circumstances, or instruments. Constructive notice of a fact, for that reason, is not the equivalent of actual knowledge," so as to show negligence on the part of an owner of an automobile upon its being driven with consent of the owner by an incompetent driver, merely because the owner, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver. *Wiley v. Rome Ins. Co.*, 12 Ga. App. 186 (2) (76 SE 1067). Under such circumstances, *Code* § 37-116 which provides, "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties," and the cases thereunder holding that "negligent ignorance" is equivalent to knowledge, *Marietta Trust &c. Co. v. Faw*, 31 Ga. App. 507, 508 (3a) (121 SE 244), and *Schmidt v. Block*, 76 Ga. 823, have no application.

3. "While it may be difficult to prove the existence of actual knowledge on the part of one who denies it (because in such case direct evidence is not attainable, unless he admits it), nevertheless, even actual knowledge can be demonstrated by the proof of circumstances which will admit of no other reasonable conclusion than that the party who asserts his ignorance of a given fact actually knew it, and that his denial is untrue." *Wiley v. Rome Ins. Co.,* 12 Ga. App. 186, 190, supra; *National Life &c. Ins. Co. v. Fischel,* 62 Ga. App. 645, 646 (1) (9 SE2d 192).

(a) While general reputation or notoriety of a proven fact may be admissible in evidence, to be considered by the jury, with other evidence, on the question of notice of such fact, such "reputation or notoriety in the community is not itself notice." *Bush & Hattaway v. McCarty Co.,* 127 Ga. 308, 313 (5) (56 SE 430, 9 AC 240); *Askew v. Silman,* 95 Ga. 678 (4) (22 SE 573).

(b) That a person had been warned for speeding, being itself insufficient to prove such person was an incompetent and habitually reckless driver (*Marques v. Ross,* 105 Ga. App. 133, 139, supra; see also, *East Tenn., Va. &c. R. Co. v. Kane,* 92 Ga. 187, 188 (4), 18 SE 18, 22 LRA 315), knowledge of such facts would not be actual knowledge that such person is an incompetent and habitually reckless driver.

(c) Proof of statements made in the hearing of a party or under circumstances where he could have heard, may authorize an inference that he did hear such statements. *Dodys v. State,* 73 Ga. App. 483 (3) (37 SE2d 173); *Jackson v. Moultrie Production Credit Assn.,* 76 Ga. App. 768, 771 (47 SE2d 127); *Thrasher v. State,* 68 Ga. App. 820 (2) (24 SE2d 222); *Moye v. State,* 66 Ga. 740; *Franklin v. State,* 69 Ga. 36 (2) (47 AR 748); *Watson v. State,* 136 Ga. 236 (1) (71 SE 122). However, where the evidence merely shows that the party was in a filling station where the statements were made by persons with whom he was not conversing, that the party was on the other side of the room from the witness who was testifying to such facts, and "not too close" to those making the statements, and the evidence did not show the size of the room and the witness declined upon questioning to state that the party was in hearing distance of those making the statements, or that he could have heard the statements, such evidence does not authorize an inference that the party heard the statements.

Upon application of the above rulings to the evidence in the present case, the evidence failed to prove actual knowledge on the part of the defendant, Darrell Roebuck, of the fact that the defendant, Larry Moore, was a reckless driver, and the trial judge therefore erred in not granting the defendant, Darrell Roebuck, a judgment in his favor notwithstanding the verdict for the plaintiff, who had brought a negligence action against both defendants, alleging that Darrell Roebuck had permitted Larry Moore to drive his automobile knowing that Larry Moore was a reckless driver which action resulted in damages to the plaintiff arising out of the negligent operation of the automobile by Larry Moore.

4. While ordinarily it is error for the trial judge to tell the jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligence, *Davis v. Whitcomb*, 30 Ga. App. 497, 498 (4) (118 SE 488), *Watson v. Riggs*, 79 Ga. App. 784 (4) (54 SE2d 323), *Campbell v. Eubanks*, 107 Ga. App. 527 (130 SE2d 832), *Louisville &c. R. Co. v. Biggs*, 141 Ga. 562 (81 SE 900), on the other hand, it is proper for the court to charge the jury on the principle that a plaintiff in a negligence action is entitled to recover upon proof of any one or more of the grounds of negligence stated in the petition. In *Mayor &c. of Gainesville v. Hanes*, 22 Ga. App. 589 (1), 591 (96 SE 349), a charge, "I charge you that it is not necessary, in order to give the plaintiff the right to recover, that all of the grounds of negligence set out in the petition be proved—it would be sufficient for that purpose if any one or more of the *grounds of negligence* set out in the petition be sustained by the evidence," (emphasis ours), was excepted to on the grounds that the charge was "erroneous because it withdrew from the consideration of the jury 'what is and what is not negligence, and instructed them that each allegation of the allegations in the petition stated negligence.' " This court, in holding the charge was not erroneous for the reasons assigned, said: "When considered in connection with the whole charge, we do not think the jury could have put this construction upon it. The court was guarding the jury against basing a verdict on any negligence not alleged, and the charge, properly construed, was not that the jury could base a verdict on any act or omission of the city that was alleged, but that a verdict for the plaintiff could be based only on one or more of the acts alleged to be negligence, and shown to be such by

the evidence." See *Dowis v. McCurdy,* 109 Ga. App. 488. We can see no material difference between the language, "grounds of negligence set out in the petition," and "allegations of negligence," as used in the charge excepted to in the instant case, to wit, "If he proves by the evidence that the defendants committed one or more of such allegations of negligence, this would be sufficient insofar as proof of negligence is concerned." It is our opinion that this charge falls within the ruling of *Mayor &c. of Gainesville v. Hanes,* 22 Ga. App. 589, supra, and was not reversible error.

5. The evidence authorized the verdict as against the defendant, Larry Moore, and the trial court did not err in overruling his motion for a new trial.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Hall, J., concur.*

DECIDED APRIL 2, 1964.

*Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr., Frank Love, Jr.,* for plaintiffs in error.

*Merritt & Pruitt, Glyndon C. Pruitt,* contra.