### BURKE & JOSEPH *v.* WHITE *et al.*

PER CURIAM. 1. In an equitable action a final decree was rendered on June 26, 1913. From the certificate of the clerk of the court attached to the transcript of the record it appears that the term of court adjourned on July 9th. The presiding judge certified that the bill of exceptions was tendered to him on August 23, being more than thirty days after the adjournment of the term of court. In this court a motion was made to dismiss the writ of error on this ground and others. When the case was called, counsel for the plaintiffs in error conceded that, under former rulings, the writ of error was subject to dismissal on the ground mentioned. He presented a written motion to be allowed to withdraw the bill of exceptions without prejudice and without affirming the judgment of the court below, but with direction and permission that plaintiffs in error have the right to apply to the superior court for leave to file a bill of review on account of errors in the decree alleged to appear on the face of the record. It was further moved, if this court should see proper to confirm the decree by dismissing the writ of error, on the motion made for that purpose, that the court should also include in its order of dismissal a provision that the plaintiffs in error be permitted to apply to the court below to be allowed to file a bill of review on account of errors alleged to appear on the face of the record. *Held,* that, the bill of exceptions having been tendered to the presiding judge after the time allowed by law for that purpose had expired, the writ of error must be dismissed.

(*a*) The motion to withdraw the bill of exceptions is not absolute, but coupled with a prayer for an additional order.

2. Under such circumstances this court declines to add to its order of dis-missal provisions looking to the filing of a proceeding in the nature of a bill of review in the superior court.

3. In Southard v. Russell, 16 How. (U. S.) 547 (14 L. ed. 1052), and similar cases, it has been held that where a case is decided by an appellate court, and a mandate sent down to the court below to carry out the decree, a bill of review will not lie in the court below to correct errors of law alleged on the face of the decree, but resort must be had to the appellate court. But this ruling does not apply to a case where there is a dismissal, by a court of errors, of the writ of error for want of jurisdiction, because the bill of exceptions was not presented within the time allowed by law. Moreover, in this State, motions for new trial and exceptions to final decrees can be had in equitable actions as well as in those strictly legal, and the former use of the bill of review has been much narrowed. *Brower* v. *Cothran*, 75 *Ga.* 9.

(a) Nor is the case within the rulings made by this court, where a bill of exceptions should have been filed in the trial court as one pendente lite, but was prematurely brought to this court, and was allowed to be withdrawn and filed in the trial court where the cause was still pending.

*Writ of error dismissed. Application for additional order denied. All the Justices concur.*

NOVEMBER 17, 1913.

From Floyd superior court.

*Dean & Dean, J. M. Hunt,* and *Leahy, Saunders & Barth,* for plaintiffs in error.

*Maddox & Doyal, Wesley Shropshire, M. B. Eubanks, et al.,* contra.