## ROBINSON *et al. v.* VICKERS.

GILBERT, J. 1. A judgment may be amended by order of the court to make it conform to the verdict and the issues made by the pleadings. *Sanders* v. *Williams,* 75 *Ga.* 283.

2. Such defects, amounting to irregularities in the judgment, and apparent on the face of the record, may be corrected after the expiration of the term. *Latimer* v. *Sweat,* 125 *Ga.* 475 (2), 477 (54 S. E. 673), and authorities cited. In the present case the amendment had the effect merely of carrying out the intendment of the original verdict and decree. A decree for specific performance must bind both parties. When one institutes a proceeding to require the other to specifically perform a contract and obtains such a decree, the movant must also be bound to specifically perform. The proceeding is in equity. He who would have equity must do equity.

3. Amendments to judgments, of the character mentioned above, may be made even after an affirmance of the case in the Supreme Court. *Moses* v. *Eagle &c. Mfg. Co.,* 68 *Ga.* 241.

4. The contention that the court was without jurisdiction to amend the judgment, because the petition was presented to the judge and rule nisi issued in vacation, is without merit. The order amending the judgment was passed at and during term time.

5. No error is shown.

*Judgment affirmed. All the Justices concur, except Hines, J., disqualified, and Russell, C. J., dissenting.*

No. 4610. .APRIL 20, 1925.

Equitable petition. Before Judge Kent. Johnson superior court. October 24, 1924.

Robinson et al. filed suit against Vickers, for specific performance of a contract for the sale of land. Vickers contended that there was no sale of the land, but that the contract was one of rent. On the trial the jury found a general verdict in favor of the plaintiffs, dated Sept. 28, 1922. The defendant made a motion for new trial, which was overruled, and on writ of error this judgment was affirmed. *Vickers* v. *Robinson,* 157 *Ga.* 731 (122 S. E. 405). Subsequently Vickers filed a motion to amend the decree. This motion was filed in vacation, March 11, 1924. Rule nisi was issued also in vacation and served on respondents, requiring them to be and appear at the regular term of the superior court on March 17, 1924, to show cause why the prayers of the petition should not be allowed. At that term the defendants filed a demurrer and an answer. On October 24, 1924, during the September adjourned term of the superior court, the issue was tried on the petition to amend, the demurrer and answer. The court rendered a judgment amending the original decree by providing

that Vickers have judgment against the Robinsons for the contract price of the land, less certain designated credits, together with interest on the principal at the rate of seven per cent. per annum from the 28th day of November, 1922, and also providing for a special lien on the land in favor of Vickers. The original decree required Vickers to execute and deliver to the clerk of the superior court a deed conveying the land to the Robinsons, which was to be delivered by the clerk to the Robinsons on payment of the amount designated to be due by the Robinsons to Vickers, but did not in terms require the Robinsons to pay said amount. The respondents excepted to the overruling of the demurrer (which was not formally passed upon), and to the judgment amending the decree.

*E. L. Stephens,* for plaintiffs in error.

*E. W. Jordan* and *A. L. Hatcher,* contra.

RUSSELL, C. J., dissenting. This case has been here before (*Vickers* v. *Robinson,* 157 *Ga.* 731), and we affirmed the judgment of the lower court and held, in effect, that Vickers should make a deed to Robinson et al. It is very plain from the record that Vickers did not make the deed when Robinson tendered the money, which we held he should have done, because he believed the land was going higher. It is likewise very plain that the purpose of the present proceeding is to get the land back and keep the payments made by Robinson, because farming land has everywhere declined in value. Under these circumstances, which are plain from the record, I am the more inclined to enforce what I understand to be the law. The case now before us is one to amend the decree formerly entered before the case was brought to the Supreme Court. In the exercise of due diligence, Vickers should have seen to the perfection of the decree upon the first trial. If for any reason the court erred in formulating the decree, this fact should have been brought to the attention of the court at the time the decree was rendered. "The error committed might have been corrected by a proper motion made during the term, and, in the event of the overruling of such motion, by a direct bill of exceptions to this court; but it was too late, after the term at which this judgment was rendered, to attack it by motion." *Crow* v. *Am. Mtg. Co.,* 92 *Ga.* 815, 817 (19 S. E. 31). The motion in this case was made in vacation. See also *Booth* v. *Mohr,* 122 *Ga.* 333

`(5) (50 S. E. 173), which calls special attention to the variation of the rule where a case has been carried to the Supreme Court, as this case has been. See also *Hightower* v. *Williams,* 104 *Ga.* 608, 610 (30 S. E. 862); *Jefferson* v. *Hamilton,* 69 *Ga.* 401, 404; *Burke* v. *White,* 141 *Ga.* 72, 73 (80 S. E. 311). Other cases could be cited bearing upon this point.