41056.   DEKALB COUNTY v. BREWER.

PANNELL, Judge.   ■   The Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 440, 444) as amended by the Act of 1957 (Ga. L. 1957, pp. 224, 236; *Code Ann.* § 110-113), provides for judgments in accordance with motions for directed verdict.   Where, as in the present case, the record does not disclose there was a motion for directed verdict, there is no error in the refusal of the trial judge to grant a motion for judgment non obstante veredicto.   *Durden v. Henderson,* 212 Ga. 807 (1) (96 SE2d 362); *National Life &c. Ins. Co. v. Goolsby,* 91 Ga. App. 361 (85 SE2d 611); *Sunbrand Supply Co. v. Garment Finishing Equipment Corp.,* 99 Ga. App. 72 (107 SE2d 680). ■ The general grounds of the motion for new trial disclose no error.   The evidence was sufficient to authorize the verdict. ■ While ordinarily a charge to the effect that the plaintiff may recover upon proof of any ground of negligence alleged in the petition is not error (*Mayor &c. of Gainesville v. Hanes,* 22 Ga. App. 589 (1), 591, 96 SE 349; *Roebuck v. Payne,* 109 Ga. App. 525, 528 (4), 136 SE2d 399; *Dowis v. McCurdy,* 109

Ga. App. 488 (3), 136 SE2d 389), such a charge is error if any one of the charges of negligence contained in the petition is not a legal basis for recovery. See *Executive Committee of Baptist Convention v. Ferguson*, 213 Ga. 441 (99 SE2d 150); *Central of Ga. R. Co. v. Keating*, 177 Ga. 345 (4b) (170 SE 493). On the previous appearance of this case before this court on rulings on demurrer (*DeKalb County v. Brewer*, 107 Ga. App. 231, 129 SE2d 540), this court held that "the mere allegations of wooden construction, smoothness, wetness from rain, etc., would not constitute negligence, but the other allegations, especially that of the wide distance between the runners, set forth the cause of action to be submitted to a jury for decision." (See p. 233). Under these circumstances, the grounds of negligence eliminated did not constitute a legal basis for recovery and the trial court erred in giving the charged complained of.

A request to charge in a suit to recover damages for injuries received because of negligent construction or maintenance of a county bridge, "that county authorities are not insurers of the safety of county bridges but are only bound to exercise ordinary care in maintaining and repairing them," was a correct principle of law and applicable to the case. While the trial judge did charge "that county authorities are not insurers of the safety of *any one who uses* county bridges, but are only bound to exercise ordinary care in maintaining and repairing them," and while ordinarily under these circumstances the failure to give the request in the exact language would not have been harmful error requiring a new trial, it appears in the present case that error is assigned upon the failure to give the charge in the language requested. Under these circumstances, we are controlled by the decision of the Supreme Court of this State in *Vaughan v. Vaughan*, 212 Ga. 485 (1) (93 SE2d 743) and *Randall v. State*, 210 Ga. 435 (1) (80 SE2d 695), and must hold that the failure to give the charge in the language requested is error.

Error is assigned because the trial court refused to give the following request to charge: "I charge you, gentlemen, that there is no duty on the county, after having properly constructed a bridge, to change or readjust the bridge because of subsequent conditions beyond the county's control." It is insisted that this failure was error because there was no duty on the part of the county to rebuild or reconstruct or change

its bridges because of the change in the construction of vehicles with narrower wheel treads than formerly used. Since on the previous appearance of this case on demurrer this court held that the excessive distance between the runners on the bridge, considered with other factors, amounted to negligence, such ruling is the law of the case and the refusal to give the requested charge in this case was not error for the reason assigned.

■ Testimony that most all of the bridges of the type involved in the instant case were constructed between 1895 and 1915 or 1916 was not an expression of an opinion as to when the bridge in the instant case was built, although given in answer to a question requesting such opinion. The testimony was a mere statement of fact upon which an opinion would be based, but was not an opinion itself. Therefore, such testimony, even if opinion evidence as to the time the bridge involved in the present case was constructed was improper, was not objectionable for that reason.

■ The other grounds of the motion for new trial, not specifically dealt with, are without merit.

■ The trial court erred in overruling the motion for new trial for the reasons above given.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 8, 1965.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for plaintiff in error.

*Dan E. McConaughey,* contra.