51585. DEPARTMENT OF TRANSPORTATION
v. GREAT SOUTHERN ENTERPRISES, INC.
et al.

Quillian, Judge.
    Appellant/condemnor filed its petition to acquire by
condemnation title to a plot of land belonging to appellee,
for a right of way for the state highway system of Geor-
gia.
    Appellant's petition was an in rem action and the
following parties were named as party condemnees: Great
Southern Enterprises, Inc., owner of the land; Atlanta
Federal Savings & Loan Association (hereinafter referred
to as Atlanta Federal), who held title under two security
deeds from Great Southern; the Shaw Walker Company
who was in possession by virtue of a lease; and Draper
Owens Company, an agent entitled to commissions
flowing from the lease.
    Appellant/condemnor alleged the sum of $157,000 to
be just and adequate compensation for the land taken.
The superior court entered an order that the property
described was within the bounds of the required right of
way, was thereby condemned, and the $157,000 was paid
into the repository of the court.
    Great Southern, being dissatisfied with the
estimated compensation, filed a notice of appeal
pursuant to Code Ann. § 95A-610 (Ga. L. 1973, pp. 947,
1017). Shaw Walker filed its application of payment for
$42,500 as the value of its leasehold estate. Draper Owens
filed for $4,516.87 as the value of its right to receive

commissions for the remainder of the term of the lease. Atlanta Federal and Great Southern filed a joint application for payment, with $75,000 to Atlanta Federal and the remaining $34,983.13 going to Great Southern. These amounts totaled $157,000. (See Appendix.)

On August 9, 1974, the court entered an order for payment in which "Condemnees. . .consent hereto" and the condemnor did not oppose, making distribution of the state funds as listed above. The court order provided appellee's acceptance of the funds would not prevent it from prosecuting its appeal to the superior court.

On its appeal Great Southern alleged that "the only issue to be determined is the value of its interest, and that it would be entitled to recover from condemnor. . .any amount found by the jury. . .in excess of $109,983.13 (the amount paid to Great Southern in the court's order for payment, which included $75,000.00 to Atlanta Federal as the value of their security deed interest)." Great Southern further contended that "it [would be] highly prejudicial and harmful to its interest to have the jury consider the value of any interest other than the interest of Great Southern. . .on its appeal."

The appellant disagreed. It alleged the jury should determine the total value of the fee and the value of the interest of each individual condemnee, irrespective of the fact that no condemnee except Great Southern had appealed.

The court ruled that the jury should return two findings, one being the value of Great Southern's interest and the other being the total value of the entire property. The jury found the total value of the fee to be $190,600 and the interest of Great Southern to be $158,000. The court's judgment on the verdict gave Great Southern $48,016.87 — the difference between the $158,000 awarded by the jury and the $109,983.13 paid to Great Southern in the earlier "Order For Payment." Of course this award of $48,016.87 in addition to the earlier amount of $157,000 paid into the repository of the court, required the appellant to pay a total amount of $205,016.87 which exceeded the total award of the jury ($190,600) by $14,416.87. (See Appendix.)

Appellant filed a motion for new trial or in the alternative to set aside judgment. They were overruled and denied. Appellant brings its appeal to this court. *Held:*

1. Appellant contends that the court erred in permitting two of the condemnee's witnesses to testify as to market value of the subject property without properly qualifying them as experts, without laying a proper foundation for their testimony as non-experts.

The court did not make clear whether these witnesses were permitted to testify as experts or non-experts. There was sufficient evidence presented to qualify them as experts, and sufficient data proved to show that both parties had the opportunity to form a correct opinion as a non-expert. The question of whether a witness is qualified to give his opinion as an expert is one for the court. *Braswell v. Owen of Ga., Inc.,* 128 Ga. App. 528, 532 (5) (197 SE2d 463). His determination will not be disturbed except that it be manifestly abused. We would find no abuse of discretion if he had determined that these witnesses were experts.

However, one need not be an expert to testify as to market value as it is in the nature of an opinion. Code § 38-1709. Thus a non-expert may give his opinion as to the market value of realty if he has had an opportunity for forming a correct opinion. Id. The determination of the amount of knowledge a witness must possess in order to testify as to value of realty must be left largely to the discretion of the court. The witnesses here having testified as to the value of the land in controversy and the value of other realty in the vicinity, the court did not abuse its discretion in allowing the testimony to go to the jury, to be given such weight as they saw fit. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387). The witnesses did establish the facts which formed the basis of their opportunity for forming a correct opinion. *State Hwy. Dept. v. Raines,* 129 Ga. App. 123, 125 (1) (199 SE2d 96). The trial judge did not abuse his discretion. This enumeration is without merit.

2. Appellant alleges the court erred in permitting a condemnor witness to respond to questions by counsel for Great Southern regarding "the prospective addition of a

second floor and thereby doubling the value of the subject property, without any showing of feasibility or probability of this hypothetical improvement."

In determining just and adequate compensation for property taken by eminent domain, the jury may consider the value of the property for uses other than that for which it was being used at the time of the condemnation. *State Hwy. Dept. v. Robinson,* 103 Ga. App. 12, 16 (118 SE2d 289). But the fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the present value of the land. *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 303 (167 SE2d 177). In condemnation proceedings, the trial judge may exercise his discretion to determine whether or not the evidence shows a reasonable probability that the property can be used for a different purpose and may admit or exclude evidence of value for such use, and his discretion in admitting such evidence for consideration of the jury, or excluding it, will not be reversed unless there was a manifest abuse of his discretion. *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849 (1) (128 SE2d 520). The mere possibility that the property might be used for another purpose is not sufficient to authorize a jury to consider the proposed use in determining the value of the property. *Ga. Power Co. v. Livingston,* 103 Ga. App. 512 (3) (119 SE2d 802).

In the instant case the counsel for condemnee asked the expert witness for condemnor: "Were you aware that this building, the foundation was built so that a second story could be added to the building?" The witness responded: "No, sir." The ensuing questions were asked of the expert to attempt to show that this would enhance the value of the building. Five questions later, counsel for the condemnor objected to the line of questioning based on "a supposition." The court let the evidence in that "the foundation was so constructed that another floor could be added." Further questioning along this line brought further objections as to "a hypothetical question on a factual situation that isn't in evidence." The court permitted the questioning to proceed, subject to later

connection — with a proper foundation. Our perusal of the record does not show a later connection and counsel for appellant has not directed our attention to such a foundation.

Where the court admits such evidence, over objection, and defers ruling, subject to later connection, it is incumbent upon the objecting party, if the evidence is inadmissible, to direct attention of the court thereto either before or at the close of testimony, and to move to exclude it. Upon his failure to do so he will be held to have waived his objection. *Black v. State,* 187 Ga. 136 (2) (199 SE 810); *Boyers v. State,* 198 Ga. 838, 848 (9) (33 SE2d 251). The objection was not renewed and is deemed to be waived.

3. It is evident that the judgment of the court awarded sums to the condemnees which totaled up to an amount which exceeded the verdict of the jury. A judgment must conform to the verdict. Code § 110-301. It also must follow the true meaning and intent of the findings of the jury. *King v. Cox,* 130 Ga. App. 91 (5) (202 SE2d 216). In determining whether a judgment conforms to the verdict, the judgment must be construed with references to the pleadings and the evidence. *Taylor v. Taylor,* 212 Ga. 637 (94 SE2d 744). Furthermore the judgment shall cover the issues made by the pleadings. Code § 110-101.

The pleadings in the instant case established property interests in four condemnees. Three condemnees "consented" to the order for payment of the court, representing the monetary value of those interests — as it applied to the estimated total value of the property by the condemnor. However, Great Southern agreed that the amounts claimed by the other three condemnees were correct and that only the amount claimed by itself was insufficient.

Thereafter, Great Southern urged upon the trial court a procedure which prevented relitigation of those amounts it consented to in the court order — insofar as it pertained to the other three condemnees. Appellant correctly foresaw the inconsistency that could arise by such procedure and brought it to the court's attention. However, the court directed the jury to find "the value of

the whole property" and the "interest of Great Southern." In appealing the amount due Great Southern, the only issue necessary to be litigated was the total amount of compensation due all condemnees for the amount satisfactory to three of the four condemnees had already been ascertained and paid. The difference between the amounts paid to the three condemnees not appealing their award, and the total value of the property would be the amount due Great Southern. The court erred in litigating the amount due Great Southern and the total amount due for the entire fee.

It may be argued that the verdict is inconsistent and repugnant. It is not. The jury's verdict is compatible with the instructions given it by the court. They found the total value of the fee was $190,600, and the value of Great Southern's interest was $158,000. These sums are neither inconsistent with, nor repugnant to each other. The judgment exceeds the verdict only when the earlier "Order For Payment" is incorporated into the jury verdict.

A judgment which is larger than the amount sued for is not void but is a mere irregularity and the excess sum may be reformed to conform the judgment to the verdict. *Johnston v. Sheppard,* 22 Ga. App. 206 (95 SE 743). The same reasoning is applicable here where the total judgment exceeds the total verdict of the jury. The finding of the jury as to the amount of Great Southern's interest is surplusage. The trial judge should have moulded the judgment to the evidence before him. *Norton Realty &c. Co. v. Board of Ed.,* 129 Ga. App. 668 (3) (200 SE2d 461). The court had the power, and it was his duty to amend the judgment so as to make it conform to the legal effect of the jury verdict. *Mahone v. Perkinson,* 35 Ga. 207, 208. The legal effect of the jury verdict was that the total award to all condemnees could not exceed $190,600. The judgment did not conform to the verdict but enlarged thereon; therefore it was error not to amend, or in the alternative grant a new trial. *Segers v. Williams,* 147 Ga. 146 (2) (93 SE 81); *Robinson v. Vickers,* 160 Ga. 362 (1) (127 SE 849); *Jones v. Whitehead,* 167 Ga. 848 (2) (146 SE 768).

We are aware that the court is without authority to modify a substantial finding for one of the parties — Great

Southern. Great Southern consented to the amount due the other condemnees, and urged upon the court a procedure which would not permit those amounts to be relitigated on trial. If the jury had before it the interests claimed by all parties it could have made a complete adjudication. Great Southern will not be heard now to complain because the court adopted a procedure urged by it, and had previously consented to the division of the funds paid into the repository of the court. The jury finding of the total value of the fee of $190,600, minus the amounts previously paid to the other three condemnees leaves the amount due Great Southern — $68,583.13. Of this amount they had received $34,983.13, leaving an amount due of $33,600. (See Appendix.)

Judgment affirmed on condition that within 30 days after return of the remittitur, the judgment is reformed in accordance with the above opinion, otherwise judgment is reversed.

*Judgment affirmed on condition. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 14, 1976 — DECIDED
FEBRUARY 18, 1976.

*Arthur K. Bolton, Attorney General, Charles C. Pritchard, Deputy Assistant Attorney General,* for appellant.

*Hansell, Post, Brandon & Dorsey, Dent Acree, Paul H. Anderson, James H. Rollins, C. L. Wagner, Jr.,* for appellees.

### APPENDIX

DEPARTMENT OF TRANS. ESTIMATED VALUE      $157,000.00

Court Order For Payment:

| | | |
|---|---|---|
| Shaw Walker | | $42,500.00 |
| Draper Owens | | 4,516.87 |
| Atlanta Federal | } $109,983.13 | 75,000.00 |
| Great Southern | | 34,983.13 |
| | | $157,000.00 |

\*    \*    \*    \*    \*    \*    \*    \*    \*

Jury Verdict:

|  |  |  |  |
|---|---|---|---|
| Total value of property |  |  | $190,600.00 |

Value of Great Sou.  $158,000.00
-payment in Ct order  109,983.13

Court Judgment  $ 48,016.87  48,016.87

Total cost of land to DOT  $205,016.87

Total value of land by Jury  190,600.00
EXCESS JUDGMENT  $ 14,416.87

\*  \*  \*  \*  \*  \*  \*  \*  \*

COURT OF APPEALS DECISION:

Total value awarded by Jury  $190,600.00

Prepaid by DOT by Court Order
For Payment:

Shaw Walker  $42,500.00
Draper Owens  4,516.87
Atlanta Federal  75,000.00

$122,016.87  122,016.87

Great Southern's interest:  $ 68,583.13
Previously paid under Ct Order  34,983.13

Due Great Southern  $ 33,600.00