59085. CITY OF ATLANTA et al. v. BARTON et al.

McMurray, Presiding Judge.

The final judgment in these two consolidated cases which is the subject of this appeal was filed *on July 24, 1979. On August 9, 1979,* the appellants filed their notice of appeal requesting the clerk to *"include the entire record on appeal."* (Emphasis supplied.)

The trial clerk's record of these cases was filed in this court *on October 5, 1979,* the date on which the case was docketed in this court. The record submitted by the clerk of the trial court and docketed in this court contains no transcript of the proceedings in these cases. Appellants' brief and enumeration of errors were then filed in this court *on October 25, 1979.*

*On December 20, 1979* an order of the trial court was filed in the office of the clerk of that court finding the appellants have caused an unreasonable and inexcusable delay of more than 100 days in ordering the transcript of these cases and the trial court consequently dismissed this appeal pursuant to Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986). A certified copy of this order was also filed in this court on *December 20, 1979. Held:*

Code Ann. § 6-802 (Ga. L. 1973, pp. 303, 304) requires that notice of appeals state whether any transcript of evidence and proceedings is to be transmitted as part of the record on appeal. The suggested form for notice of appeal in civil cases set forth in Code Ann. § 6-1202 (Ga. L. 1973, pp. 303, 305) clearly conforms to this requirement. The language used by the appellants in this case, however, is somewhat ambiguous so that we are unable to determine with any degree of certainty from the face of the notice of appeal whether or not the appellants intended to file a transcript of the proceedings for inclusion in the record on this appeal.

In the light of Code Ann. § 6-808 (a) (Ga. L. 1965, pp. 18, 28; 1966, pp. 493, 497; 1968, pp. 1072, 1073), the conduct of the trial court clerk in forwarding the record to this court for docketing in the absence of the transcript of the proceedings suggests that none was expected. At the

same time, a contrary indication arises from the order of dismissal of the appeal by the trial court based on an unreasonable and inexcusable delay in preparation of the transcript caused by appellants. We note that the time has passed within which an appeal could have been taken from this order of dismissal and some question arises as to the jurisdiction of the trial court to enter such an order after the docketing of the case in this court.

Pretermitting the issue of the trial court's right to dismiss the appeal once the case is docketed in this court, we proceed to consider the appeal.

Each of the appellants' enumerations of error challenged the findings of fact made by the trial court. The consideration of these enumerations of error is impossible in the absence of a transcript. Construing the notice of appeal so as to pass upon the appeal and not dismiss it we hold that the absence of a transcript constitutes a failure of the appellants' burden of showing harmful error. In the absence of a transcript it must be assumed that the evidence adduced authorized the findings of fact of which appellants complain. *Stark v. Haney,* 227 Ga. 104 (179 SE2d 67); *Nichols v. Love,* 227 Ga. 659, 660 (2) (182 SE2d 439).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 12, 1980.

*Ferrin Y. Mathews, James A. Barnett,* for appellants.
*Richard A. Hills, Jr., John Lowery,* for appellees.