## 62359. INTA-ROTO, INC. v. GUEST.

MCMURRAY, Presiding Judge.

Wymer L. Guest, an employee of Printpack, Inc., was injured while participating in the installation of a complex custom designed coater-laminator machine which his employer had purchased from Inta-Roto, Inc. As Guest was engaged in the process of determining the route of an automatic threading chain through the coater-laminator oven, an explosion venting door located on the equipment fell open and struck him in the head.

Subsequently, Guest, as plaintiff, brought this action against Inta-Roto, Inc. on theories of negligence as to design, manufacture and failure to warn and for strict liability as to design, construction and warning. Plaintiff's suit alleged substantial damages, and, after a trial of the case before a jury, the verdict in favor of the plaintiff was returned in the amount of $75,000. Defendant's motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant contends the trial court erred in admitting the testimony of an industrial consultant witness concerning his opinion that the design of the explosion venting door in equipment manufactured by defendant was defective. Defendant contends that the witness was not qualified to state opinions in the area of design of the equipment involved. The witness testified that he held bachelor's and master's degrees in mechanical engineering, he had taught at Clemson University for 40 years and had acted as an industrial consultant on 75 to 80 occasions in regard to paper mills, textile mills and hydraulic equipment, as well as having supervised various student projects. Although the witness had no prior experience with coater-laminating machines such as that involved in the case sub judice, nor prior experience in designing explosion venting latches, such specific experience was not necessary in order to sustain the trial court's decision that the witness was qualified as an expert in mechanical engineering. Nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession, although the special knowledge required to qualify as an expert may be derived from experience as well as study. See *Dennis v. State,* 158 Ga. App. 142, 143 (3) (279 SE2d 275); *Carter v. Marble Products,* 179 Ga. 122 (1), 124-125 (175 SE 480). Where one has been formally educated in a particular trade or profession additional experience by application of that knowledge to a specific problem is not necessary in order to sustain one as an expert. Here the witness was clearly qualified in the field of mechanical engineering and was authorized to give his opinion derived by applying his formal education to the question at hand, albeit an application in which the witness had little or no prior experience.

Defendant objected to this expert witness being allowed to answer a question as to his opinion as to whether or not the explosion venting door was safely designed. Defendant's objection was predicated upon the assertion that, "there remains no factual basis for his conclusion that is now sought to be elicited." This contention fails to consider the witness' personal observation of the actual machine and his analysis of the design therefor. Defendant's objection is incorrect as the witness clearly made no unfounded factual assumptions but predicated his opinion on his own observations. *Bullington v. Chandler,* 110 Ga. App. 803 (1-a), 804 (140 SE2d 59).

Defendant raises for the first time on appeal the further contention that the same question sought to elicit an impermissible legal conclusion as to the ultimate issue. However, as this issue is raised for the first time on appeal and no objection was made on these

grounds in the trial court, we may not consider this issue for the first time on appeal. *Parks v. Parks,* 244 Ga. 479 (2) (260 SE2d 873).

2. The defendant enumerates as error the refusal of the trial court to give its requested charge to the jury on the issue of intervening act or omission by a third party as the proximate cause of an injury. The requested charge, predicated upon the decision of this court in *Irwin v. Georgia Power &c. Co.,* 84 Ga. App. 665 (67 SE2d 151), is an incomplete statement of the law in that it failed to distinguish between those situations in which the intervening act or omission was foreseen and those situations where such intervening act or omission is unforeseen. See in this regard such cases as *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 157-158 (1B) (256 SE2d 916); *Blakely v. Johnson,* 220 Ga. 572, 575 (140 SE2d 857). Furthermore, the trial court gave a complete and correct charge as to the issue of proximate cause.

3. Defendant's remaining enumerations of error deal with the sufficiency of the evidence to support the verdict and judgment. If there is any evidence to support the verdict we must affirm. *Hembree v. Ideal Builders,* 158 Ga. App. 574 (281 SE2d 328). Plaintiff's evidence shows that the installation of the explosion venting door was defective due to choice of materials incorporated into the design or the location of the door on the machine itself. The machine was newly manufactured and sold to plaintiff's employer. Plaintiff, as part of the installation crew, was the person who could reasonably be expected to be affected by the design deficiencies. Whether the verdict is examined in terms of strict liability in tort or in terms of negligence in regard to the design or failure to warn of the danger created by the design and placement of the explosion venting door, there was ample evidence from which the jury could determine the liability of the defendant. The evidence as to the nature of the plaintiff's position with his employer, age, work record and background, along with the medical testimony as to plaintiff's disability resulting from his injury was sufficient to authorize the verdict of $75,000.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1981.

*George W. Hart, Elaine W. Whitehurst,* for appellant.
*Kirk W. Watkins, G. William Long III, G. Donald Johnson,* for appellee.