64033. MOORE v. MORGAN et al.

Quillian, Chief Judge.

The plaintiff appeals from a jury verdict for the defendant. The sole enumeration of error is that the evidence demanded a verdict for the plaintiff who was thereby entitled to a directed verdict. *Held:*

The notice of appeal recites: "The Clerk will please prepare the record, omitting nothing therefrom." No mention is made concerning a transcript and none has been forwarded to this court. In *Steadham v. State of Ga.,* 224 Ga. 78, 80 (159 SE2d 397), where the notice of appeal specified that the clerk omit "nothing" from the record, it was held: "The notice in the present appeal did not state whether a transcript of the evidence would be filed. The specification that 'nothing' is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted." Accord, *City of Atlanta v. Barton,* 153 Ga. App. 426 (265 SE2d 345).

"[T]he burden is upon the party assigning error to show it affirmatively by the record . . ." *Baldwin v. Grimes,* 219 Ga. 68 (131 SE2d 563). "Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment." *Burns v. Barnes,* 154 Ga. App. 802 (1) (270 SE2d 57), and case therein cited.

Thus, under circumstances such as in the instant case, while we can not dismiss the appeal, without a transcript we must affirm the judgment of the trial court. *City of Atlanta v. Barton,* 153 Ga. App. 426, supra.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

Decided June 18, 1982.

*Harold E. Martin,* for appellant.

*Harvey J. Kennedy, Jr., Howard P. Wallace, W. Franklin Freeman, Jr.,* for appellees.