66428. DIMAMBRO NORTHEND ASSOCIATES v. WILLIAMS et al.

CARLEY, Judge.
Appellant-defendant contracted for the construction of a subterranean tunnel which was to be an integral component of a municipal water management project. At its closest point, the path of appellant's tunnel passed some 600 feet from appellee-plaintiffs' residence. After the completion of the tunnel in 1982, appellees filed the instant tort action against appellant, alleging that their house had been damaged as a result of the blasting that appellant had performed during the construction of the tunnel. Appellees sought to recover for this property damage plus attorney fees. The case was submitted to a jury and a verdict was returned which awarded appellees both compensatory damages and attorney fees. Appellant's motion for judgment n.o.v. or for new trial was denied. Appellant appeals from the entry of judgment on the jury's verdict and from the denial of its motion for judgment n.o.v. or for new trial.

1. Appellant enumerates as error the admission of certain testimony offered by a witness for appellees. It is first urged that the trial court erred in ruling that this witness, Mr. Cohen, was qualified to answer a certain question as an expert. It is further urged that the question which elicited Mr. Cohen's answer was itself an incomplete

and inaccurate hypothetical and that, for this additional reason, it was error to allow Mr. Cohen's testimony into evidence. The transcript demonstrates that, over objection, Mr. Cohen was allowed to give his response to the following inquiry: "[W]ould you tell us, based on what you know of the circumstances surrounding damage to this home, what in your opinion caused the damage, and then give us the basis for this opinion." Mr. Cohen's answer was: "It's my opinion that a great force caused the damage that I observed personally. I think it was far too long after the time the home was built for this type of damage to be prevalent in the state that it exists right now."

"An expert witness is one who through education, training, or experience has peculiar knowledge concerning some matter of science or skill to which his testimony relates. [Cits.]" *Tifton Brick &c. Co. v. Meadow,* 92 Ga. App. 328, 330-331 (88 SE2d 569) (1955). "The question of whether a witness is qualified to give his opinion as an expert is one for the court. [Cit.] His determination will not be disturbed except that it be manifestly abused." *Dept. of Transp. v. Great Southern Enterprises,* 137 Ga. App. 710, 712 (225 SE2d 80) (1976).

Appellant's sole argument is that Mr. Cohen lacked firsthand personal experience with blasting techniques generally and with the tunnel blasting techniques employed by appellant specifically. Regardless of this lack of general or specific personal experience with blasting, Mr. Cohen was not unqualified to give the opinion that he offered concerning the cause of the structural damage to appellees' home. In the first instance, it is not required that expertise be based only on personal experience. Education and training are sufficient predicates for an expert opinion. Moreover, contrary to appellant's assertion on appeal, Mr. Cohen did not expressly testify that the damage to appellees' residence was the result of appellant's blasting. All Mr. Cohen stated was that, in his opinion, the damage had been caused by "a great force." Mr. Cohen then testified that this opinion had been reached by eliminating constructual defects and normal "settling" as the cause. The testimony was not erroneously admitted on the basis that Mr. Cohen lacked the expert qualification to give the answer. See *Inta-Roto, Inc. v. Guest,* 160 Ga. App. 75, 76 (1) (286 SE2d 61) (1981).

Nor was Mr. Cohen's testimony erroneously elicited by an incomplete and erroneous hypothetical question. Although several hypothetical questions had been propounded to Mr. Cohen before he gave his expert testimony, it appears that "[t]here was in fact no answer to the hypothetical question[s] as posed . . ." *Atlanta Transit System v. Biggs,* 133 Ga. App. 960, 964 (213 SE2d 87) (1975). Instead, the only question which the trial court eventually did allow Mr.

Cohen to answer was the one noted above which asked generally for an opinion as to the cause of the damage and for "the basis for this opinion." "When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based but he may do so." *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845, 847 (140 SE2d 109) (1964).

Moreover, even assuming that Mr. Cohen's testimony had been elicited by one of the hypothetical questions propounded to him previous to the exchange quoted above, no error would be shown. " 'In propounding a hypothetical question . . . it is not essential to the admissibility of evidence that there should be a complete resume of every fact entering into and involved in the case.' [Cit.] The reasoning the expert used in reaching his opinion may be explored on cross-examination and need not be presented *in toto* as a condition precedent to admissibility." *Woods v. Andersen,* 145 Ga. App. 492, 493 (243 SE2d 748) (1978). It is true that Mr. Cohen had no personal knowledge of when the damage had occurred and that he had relied upon appellees' assertions in that regard. However, at the time Mr. Cohen testified, appellees' contentions concerning the chronology of the damage to their property were already in evidence. Indeed, those contentions were a factor in the hypothetical question propounded to Mr. Cohen. It was not error to allow Mr. Cohen to give his expert testimony. See *Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254 (4, 5(a)) (60 SE2d 815) (1950).

2. Appellant enumerates as error the admission of certain testimony by another witness for appellees. It is again urged that the trial court erred in ruling that this witness, Mr. Elliott, was qualified to answer certain questions as an expert. In this connection, it is further asserted that the trial court erred in refusing to allow appellant an opportunity to cross-examine Mr. Elliott on the limited issue of his expert qualifications before being permitted to give his expert testimony on direct examination. We will address the latter contention first.

It is clear that a party has the right to a thorough and sifting cross-examination of the experts called by the opposing party. See *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, 879 (99 SE2d 370) (1957). We find no Georgia cases which mandate that a party has the right to cross-examine the opposing party's experts on the limited question of their qualifications *before* those witnesses are allowed to give expert testimony on direct examination. However, we find no Georgia cases which hold that no such right exists. What is clear is that "our courts have uniformly held that for the testimony of an expert witness to be received, *his qualification as such must be first proved.* [Cits.] *If that prerequisite is not met the opinion of*

*the expert must be excluded."* (Emphasis supplied.) *Knudsen v. Duffee-Freeman, Inc.,* supra at 879. It is likewise clear that the determination of whether this essential prerequisite to admissibility has been met is within the trial court's exercise of sound discretion. See generally *Hogan v. Olivera,* 141 Ga. App. 399, 401 (233 SE2d 428) (1977).

It would seem that a trial court cannot truly be said to have made an objective and impartial threshold determination of the admissibility of expert testimony unless the opposing party is afforded the opportunity, if he so requests it, to cross-examine the witness on the question of his qualification *before* that discretionary determination of admissibility is made by the trial court. In other jurisdictions there is a right to such a preliminary limited cross-examination on the issue of expert qualification, the denial of which has been held erroneous. See Davis v. Penn. R. Co., 64 A 774 (Pa. 1906). We believe that this should be the rule in Georgia. The discretionary determination of the qualification to give expert testimony should be made only after the trial court has heard all the relevant evidence bearing on this issue. In the instant case appellant requested but was refused a preliminary opportunity to cross-examine Mr. Elliott on his expert qualification. This was error.

The question yet remains, however, of whether this error was prejudicial to appellant. The transcript demonstrates that when the direct examination of Mr. Elliott was concluded, he was at that time subjected to a "thorough and sifting" cross-examination as to his expert qualifications. Appellant characterizes Mr. Elliott's testimony on cross-examination as clearly demonstrative of his lack of expertise in the area of blasting. However, our review of the relevant portions of the transcript demonstrates that on cross-examination appellant only succeeded in establishing that Mr. Elliott had no personal experience in the area of tunnel blasting through employment of the specific technology or under those exact conditions which were present in the instant case. As noted above, such a showing of nonspecific personal experience would not demonstrate that Mr. Elliott was otherwise unqualified to give his expert opinion which was based upon his prior experience and education regarding blasting in general. See *Inta-Roto, Inc. v. Guest,* supra. Under these circumstances, it appears that it would have been an abuse of the trial court's discretion to have stricken Mr. Elliott's direct testimony on the basis that his cross-examination demonstrated a lack of expertise. See *Longino v. City of Atlanta,* 127 Ga. App. 299 (193 SE2d 190) (1972). Accordingly, although it was procedural error to refuse to allow appellant to conduct a preliminary cross-examination of Mr. Elliott as to his expert qualifications, no

substantive prejudice to appellant is shown by the admission of Mr. Elliott's testimony into evidence.

3. Appellant's main defense at trial was that the damage to appellees' property could not have been caused by its blasting because of the safety precautions employed and the distance from its tunnel to appellees' home. Over appellant's objection, appellees were allowed to call their neighbor as a witness for the purpose of testifying that his residence had also been damaged after appellant's blasting had begun. The trial court instructed the jury that this testimony was being admitted solely for "the limited purpose of showing the extent of the blasting . . ."

"As a general rule in all negligence actions, evidence of similar acts or omissions is not admissible. [Cits.] However, '(i)f proof of a similar accident or similar method of acting tends to prove some fact of the case on trial, the testimony falls within an exception — such as to show . . . causation ([cit.]) or to rebut a contention that it was impossible for the accident to happen in the manner claimed. ([Cit.])' [Cit.]" *Gunthorpe v. Daniels,* 150 Ga. App. 113 (257 SE2d 199) (1979). In view of the position maintained by appellant on the question of causation, we cannot say that the trial court erred in admitting the testimony of appellees' neighbor for "the limited purpose of showing the extent of the blasting . . ." See *Gilmer v. City of Atlanta,* 77 Ga. 688, 690 (1886).

We have considered appellant's remaining arguments which further address the testimony given by appellees' neighbor and find that no reversible error is shown as to any.

4. The trial court's refusal to give appellant's written request to charge Number 16 is enumerated as error. We have been unable to find such a written request to charge in the record. Accordingly, we do not have before us the specific language of the charge that appellant contends was erroneously refused. However, appellant states that its request to charge Number 16 was "to the effect that the jury was to look at the date upon which the damages occurred in establishing the quantum thereof rather than some prospective future date."

Our review of the entire jury charge as it was actually given by the trial court demonstrates that full and fair instructions were given on the issue of the proper measure of damages. "In an action to recover damages caused by a continuing trespass or nuisance, only the damages sustained up to the time of bringing the suit are recoverable. [Cit.]" *Ketron v. Sutton,* 130 Ga. 539, 541 (61 SE 113) (1908). The jury was in fact properly instructed that the quantum of appellees' potential recovery in the instant case was their presently existing damage, if any, and not such damage as they might incur in the future.

Appellant's further assertion that there was no probative and relevant evidence offered concerning the amount of appellees' existing damage is not supported by the record. There was evidence that in 1982, when appellant's blasting was finally completed, the estimated cost of the repairs to appellees' residence was $24,000. It is of no consequence that in 1980, two years before completion of the project, the estimated cost of repairs to the residence had been only $10,000. As appellees were precluded from recovering future damage to their property in the instant case, appellant was similarly precluded from asserting that the maximum extent of its liability was established two years *before* the blasting which allegedly caused the damage to appellees' property had ended.

5. In several related enumerations appellant raises the general grounds as to the award of compensatory damages. There was sufficient evidence to authorize a finding that the damage to appellees' residence was the proximate result of appellant's blasting activities. Also, there was sufficient evidence of appellees' title to the property in question so as to authorize a recovery by them for any damages resulting to that property. See generally *Seal v. Aldredge,* 100 Ga. App. 458, 459 (4) (111 SE2d 769) (1959).

The award of compensatory damages to appellees was authorized by the evidence.

6. Appellant also enumerates the general grounds as to the award of attorney fees. "Generally, expenses of litigation — including attorney fees, are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense. [OCGA § 13-6-11 (Code Ann. § 20-1404).]" *Ideal Pool Corp. v. Champion,* 157 Ga. App. 380, 383 (277 SE2d 753) (1981). The Supreme Court has held that an award of attorney fees made pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404) " 'should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense . . .' [Cit.]" *Fuller v. Moister,* 248 Ga. 287, 288 (282 SE2d 889) (1981). However, the plaintiff bears the burden of proof on the issue of his entitlement to the expenses of litigation and it is clear that, even under the standard of appellate review enunciated by the Supreme Court, there must be some evidence of one of the three conditions required by the statute before an award of attorney fees under OCGA § 13-6-11 (Code Ann. § 20-1404) can be upheld. See *Franchise Enterprises, v. Ridgeway,* 157 Ga. App. 458, 460 (278 SE2d 33) (1981). When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not "any evidence" to support an award pursuant to OCGA § 13-6-11 (Code

Ann. § 20-1404) if a bona fide controversy clearly exists between the parties. Cf. *Dubose v. Box,* 246 Ga. 660, 668 (5) (273 SE2d 101) (1980). See also *Ideal Pool Corp. v. Champion,* supra at 383 (3); *Franchise Enterprises, v. Ridgeway,* supra at 460 (2); *Turner v. Wilmouth,* 161 Ga. App. 2, 3 (2) (288 SE2d 839) (1982). Thus, in a case where bad faith is not at issue, attorney fees are not authorized under OCGA § 13-6-11 (Code Ann. § 20-1404) if the evidence shows that "a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. Where [no such genuine dispute] is found, . . . the jury [would be authorized] to award the expenses of litigation." *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 525 (191 SE2d 317) (1972).

In the instant case, bad faith was not at issue and appellees proceeded only on the theory that appellant had caused them unnecessary trouble and expense. Compare *Bowen v. Ken-Mar Constr. Co.,* 155 Ga. App. 53 (270 SE2d 283) (1980); *Jackson v. Brinegan,* 165 Ga. App. 432, 436 (2) (301 SE2d 493) (1983). Our review of the transcript demonstrates that the instant case is virtually indistinguishable from *Ideal Pool Corp. v. Champion,* supra at 384: "There was a bona fide controversy as to causation — as testified to by the experts on both sides. ' "A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness." ' [Cit.] Hence, as there was a bona fide controversy and the evidence did not demand a verdict for either side ([cit.]), and we have found no evidence of bad faith or stubborn litigiousness or unnecessary trouble and expense, the verdict for attorney fees is not supported. [Cits.]" Compare *Fuller v. Moister,* supra; *Franchise Enterprises, v. Ridgeway,* supra at 460 (2); *Fritts v. Mid-Coast Trading Corp.,* 166 Ga. App. 31 (303 SE2d 148) (1983). The award of attorney fees was not authorized in the instant case and the trial court erred in submitting this issue to the jury.

Having held, for the reasons discussed above, that no award of attorney fees was authorized under the evidence, we need not address appellant's remaining assertions of error with regard to that award.

7. Appellant's final enumeration is that "the totality of the other errors combined to deny [it] a fair trial . . ." " ' "Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulated effect of other claims of error." ' [Cit.]" *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 352 (9) (270 SE2d 883) (1980).

8. The only error in the instant case being the award of attorney fees, the judgment is affirmed with direction that said award be written off.

*Affirmed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 6, 1983.

*Gregory J. Diegel,* for appellant.
*Robert L. Herman, Michael McLaughlin,* for appellees.