A94A1490. TADLOCK et al. v. DUNCAN.
(451 SE2d 80)

</div>

SMITH, Judge.

Appellants Bill R. and Sara C. Tadlock leased certain commercial property to appellee J. C. Duncan for a five-year term from February 1, 1991 to January 31, 1996. In May 1991, appellant Bill Tadlock brought an action in the Civil Court of Richmond County seeking to terminate the lease due to an alleged breach by Duncan. That action ended in a judgment for Duncan.

The Tadlocks filed the present action on March 23, 1992 in the same court, alleging new grounds for terminating the lease. Duncan answered and filed a counterclaim for alleged interference by the Tadlocks with the conduct of business on the premises. Due to the magnitude of his counterclaim, Duncan also moved successfully to have the case transferred to Richmond County State Court.

During the pendency of this action, the Tadlocks filed a separate dispossessory action in the Civil Court of Richmond County based on Duncan's failure to pay an increased rental as provided in the lease. "Tack and mail" service was used, Duncan failed to respond, a writ of possession was executed, and Duncan's possessions were removed from the building. The Tadlocks concede that much of the property removed was ruined.

This prompted an amended counterclaim in the present action which added a second count alleging abusive litigation and intentional infliction of emotional distress. The Tadlocks then amended their complaint. The case ultimately went to trial.

The Tadlocks represent in their brief that they moved for a directed verdict as to Count 2 of Duncan's counterclaim at the close of evidence. Their brief on appeal informs us that the motion was based

on the theory that the proper forum to litigate the claims for malicious prosecution was in the court that ordered Duncan's eviction rather than the state court, and also that the matter was res judicata. We are informed that the court denied the motion.

The jury awarded $12,500 on the second count of Duncan's counterclaim, but awarded no other damages to either party. After judgment was entered on the verdict, the Tadlocks filed a motion for judgment n.o.v., OCGA § 9-11-50 (b), "for the reason that this honorable court erred when it denied the plaintiff's motion for a directed verdict." Duncan filed a motion for attorney fees under OCGA § 9-15-14. Duncan's motion was granted, and the Tadlocks' motion was denied. This appeal followed.

1. The Tadlocks enumerate the denial of their motion for directed verdict at the close of evidence. However, any such motion was made orally at trial, and any ruling on such a motion was likewise not reduced to writing. The Tadlocks specifically provided in their notice of appeal that "no transcript of the trial need be included with the record." Consequently, there is no record before us of the motion the Tadlocks assert they made, of its specific grounds, or of the ruling complained of in their enumeration of error.

We may assume without deciding that the issues the Tadlocks claim to have raised in their motion for directed verdict do not require consideration of the evidence presented at trial and were not otherwise waived. However, such circumstances alone are not sufficient to determine whether this court may need to refer to the transcript of the proceedings below.

The Tadlocks claim that *during the proceedings,* a motion for directed verdict was made and erroneously denied. In this regard, OCGA § 5-6-41 (d) provides that "[w]here a trial in any civil or criminal case is reported by a court reporter, all *motions, . . . rulings, . . .* and all other proceedings which may be called in question on appeal or other posttrial procedure shall be reported; and, where the report is transcribed, all such matters shall be included in the written transcript, it being the intention of this article that all these matters appear in the record." (Emphasis supplied.) Moreover, OCGA § 5-6-41 (c) provides, in pertinent part, that "where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at [his] expense."

Duncan, the appellee here, does not dispute that a motion for directed verdict was made and denied, but this alone cannot suffice. OCGA § 5-6-41 (i) outlines the proper means for the parties to stipulate what transpired in the proceedings below. That Code section provides that "[i]n lieu of sending up a transcript of record, the parties may by agreement file a stipulation of the case showing how the ques-

tions arose and were decided in the trial court, together with a sufficient statement of facts to enable the appellate court to pass upon the questions presented therein. Before being transmitted to the appellate court, the stipulation shall be *approved by the trial judge or the presiding judge* of the court where the case is pending." (Emphasis supplied.)

The various provisions of OCGA § 5-6-41 make abundantly clear that for a civil litigant to present for appellate review a claim of error made during the course of the proceedings at trial, the litigant must include, *at the barest minimum*, a transcript of that portion of the proceedings in which the alleged error occurred; or, in the alternative, a sufficiently detailed stipulation approved by an appropriate judge of the court in which the proceedings were conducted. "Appellants have the duty of showing error affirmatively by the record and this duty is not discharged merely by unsupported recitations in their brief. [Cits.]" *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga. App. 787, 788 (2) (415 SE2d 666) (1992). Since we have no transcript or proper stipulation demonstrating that the motion for directed verdict and ruling thereon were each made in the manner the Tadlocks claim, this enumeration presents nothing for review.

2. The Tadlocks next enumerate the denial of their motion for judgment n.o.v. Both the motion and the ruling thereon were reduced to writing. Nevertheless, consideration of this enumeration is precluded by the same limitations that precluded our review of the original motion for directed verdict and ruling thereon purportedly made at trial. "[A] motion for j.n.o.v. is simply a reasserted motion for directed verdict, with a second opportunity for the trial court to rule on it before time and expenses are incurred and appellate judicial resources are expended." *Famiglietti v. Brevard Med. Investors*, 197 Ga. App. 164, 167 (2) (397 SE2d 720) (1990). Such a motion may be properly asserted only by "a party who has moved for a directed verdict," OCGA § 9-11-50 (b), and only on such grounds as were originally asserted by such a motion. *Famiglietti*, supra. Where the record does not disclose the making of a motion for directed verdict, we can find no error in the denial of a motion for judgment n.o.v. *DeKalb County v. Brewer*, 111 Ga. App. 269 (1) (141 SE2d 234) (1965).

3. The Tadlocks enumerate the court's grant of Duncan's motion for attorney fees. We have fully considered the arguments offered in support of this enumeration and find them to be without merit.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 15, 1994 —
RECONSIDERATION DENIED DECEMBER 5, 1994.

*Richard O. Ward,* for appellants.
*James B. Duncan III,* for appellee.