A95A1420. DRUMMOND et al. v. GLADSON.
(465 SE2d 687)

POPE, Presiding Judge.

This case arises from a collision between plaintiff Ronald Drummond, on his motorcycle, and defendant Jimmy Lee Gladson, in his pickup truck. Plaintiffs Ronald Drummond and his wife appeal from a judgment entered on a jury verdict for defendant. In their sole enumeration of error, plaintiffs contend the trial court erred in admitting a diagram prepared by the investigating officer based on his observations of physical evidence at the scene, including motorcycle skid

marks leading to the point of impact. The officer's diagram showed the course of the two vehicles prior to the accident (the vehicles were traveling towards each other, in opposite directions) and indicated that Ronald Drummond was driving his motorcycle on the wrong side of the road. Concluding that the trial court did not abuse its discretion in admitting the diagram and that plaintiffs' failure to provide a transcript of all the evidence at trial would preclude us from finding harmful error anyway, we affirm.

1. An investigating officer, as an expert, is allowed to testify about what he observed at the accident scene and to give his conclusions from those observations about what happened (as opposed to which party was at fault). See *Emory v. Dobson*, 206 Ga. App. 482 (426 SE2d 50) (1992). Indeed, we have held that it is an abuse of discretion not to allow an investigating officer to testify about how an accident occurred. See *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 391-392 (3) (414 SE2d 521) (1991).

In this case, the diagram reflected the investigating officer's conclusions based on his observations and thus was properly admitted. Although the trial court never formally found the officer to be an expert as it should have (see *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 221 (2) (312 SE2d 386) (1983)), the evidence showed that the witness had been a police officer for more than 20 years, had received training in accident investigation, and had investigated well over 100 traffic accidents. Moreover, "[t]here can be no doubt a police officer with investigative experience on automobile collisions is an expert." *Jefferson Pilot*, 202 Ga. App. at 392. Thus, because it would have been an abuse of discretion not to accept the officer as an expert, the court's failure to formally do so could not have prejudiced plaintiffs and does not negate the officer's status as an expert. Cf. *Dimambro Northend Assoc.*, 169 Ga. App. at 222-223 (although the trial court should have allowed the other party to cross-examine the witness about his qualifications before declaring him an expert, its failure to do so was not prejudicial where it would have been abuse of discretion not to accept the witness as an expert).

Plaintiffs also point out that the officer himself did not consider himself an expert. But because status as an expert is a legal question for the court to decide, see *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 712 (1) (225 SE2d 80) (1976), the witness's failure to consider himself an expert is not determinative. The witness may choose not to call himself an expert because of false modesty, or it may be because he knows he has colleagues with the same or more expertise. After all, "expert" is a relative term: amongst any community of specialists, only a few are considered by the others to be the real "experts," but to the rest of the world any of the specialists would be an "expert" and would be considered one in a court

of law.

2. Although we have concluded that the trial court did not err, we nonetheless address plaintiffs' disturbing position that they did not need to file a transcript of all the evidence presented at the trial. Plaintiffs suggest that the judges of this court are too busy to read the whole transcript of the trial; that there is therefore no need to file the whole transcript; and that if the defendant wants more of the transcript filed, he must file it himself. But this line of reasoning ignores that it is the burden of the plaintiffs (as appellants) to show harmful error, see *City of Atlanta v. Barton*, 153 Ga. App. 426 (265 SE2d 345) (1980); a determination of whether an error was harmful simply cannot be made without a review of all the evidence presented at trial. It is true that parties must cite to us the portions of the record supporting their arguments, to enable us to find them easily (see Court of Appeals Rule 27 (c) (3)), but this does not mean we do not review all the evidence before making any determination which — like a determination of whether an error is harmless — requires us to evaluate the evidence. Plaintiffs' suggestion that defendant (as appellee) must file any portions of the trial transcript which show that an error is harmless might make our job easier, but it would effectively shift the burden on this issue and is therefore unacceptable.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur specially.*

BEASLEY, Chief Judge, concurring specially.

I agree that the judgment should be affirmed but I do not fully concur in the opinion.

1. Out of the presence of the jury, the court heard testimony and argument with respect to whether the police officer was qualified as an expert to give his opinion with respect to how the collision occurred. The court expressly refused to permit the officer to testify as to his conclusions about the path of the motorcycle prior to the collision, applying its understanding of the ruling in *Emory v. Dobson*, 206 Ga. App. 482 (426 SE2d 50) (1992). In that case, the Court held that "the trial court correctly prohibited the officer from opining concerning which party was at fault in the accident." Id. at 484.

The court in this instance distinguished the opinion on the ultimate question and the opinion that the skid marks coming towards the truck on the truck's lane of travel came from the motorcycle because they were single, fresh and led right to the vehicle's impact with the truck. If what was excluded was admissible as expert testimony pursuant to *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 391-392 (3) (414 SE2d 521) (1991), it would have undermined the plaintiffs' case. The officer's opinion was that the motorcyclist swung wide as he exited the driveway from work on the left side of the street

and traveled in the oncoming truck's lane, locked his brakes when he saw the truck, and skidded head-on into the right front wheel well area of the truck as it tried to move to the left to avoid him. I do not agree that the court should have deemed the officer an expert witness for the purpose of presenting this evidence. It was not necessary for the purpose of helping the jury understand the sequence of events and the placement of the vehicles, particularly the motorcycle, as they traveled towards each other. See *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987).

Plaintiffs' sole enumeration of error is that the court erred in admitting defendant's Exhibit 1 into evidence over objection. It was the drawing of the scene of the collision, made by the officer in fulfillment of his duty as the investigating officer. This was not reversible error because the drawing merely visually illustrated the officer's unobjected-to descriptive testimony of what he observed and where the vehicles were coming from, that is, defendant coming from the south in the northbound lane and plaintiff coming from his place of work on the west side of the road. The crucial difference between the defendant's exhibit and the plaintiffs' exhibit is the line of skid marks; the plaintiffs show them as beginning on the opposite side of the road from where the officer testified he found them.

2. I do not agree with appellee that plaintiffs as appellants were required to submit the entire transcript of the four-day trial. It was not necessary for our review of their sole enumeration of error. Plaintiffs should not be faulted for exercising efficiency and care in reducing the costs of appeal. This not only makes good sense, but it is in keeping with the statutes and with the spirit of the constitutional mandate for Georgia courts to have rules which provide for the "speedy, efficient, and inexpensive resolution of disputes." 1983 Ga. Const., Art. VI, Sec. IX, Par. I.

OCGA §§ 5-6-37, 5-6-38, 5-6-41, and 5-6-42 not only allow a partial record to be selected by appellant but provide a method for additional portions of the record to be added if appellee desires such in order to support appellee's position. See *Brand v. Montega Corp.*, 233 Ga. 35 (209 SE2d 583) (1974). In their notice of appeal, the Drummonds expressly pointed out that they had ordered only part of the transcript to be included in the record, and it was already filed. What plaintiffs have done here does not constitute a failure to fulfill their obligation to have transmitted to us those portions of the record which show the harmful error complained of. See, e.g., *Tadlock v. Duncan*, 215 Ga. App. 441 (451 SE2d 80) (1994). "[F]or a civil litigant to present for appellate review a claim of error made during the course of the proceedings at trial, the litigant must include, at the barest minimum, a transcript of that *portion of the proceedings* in which the alleged error occurred. . . ." (Emphasis supplied in part

and omitted in part.) Id. at 443 (1). In *City of Atlanta v. Barton*, 153 Ga. App. 426 (265 SE2d 345) (1980), the case cited in the majority opinion, the enumerations of error challenged the trial court's findings of fact, and no transcript of evidence was provided for this court to examine. It thus was deprived of the material on which to base a knowledgeable decision. That is not the case here.

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED OCTOBER 20, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 — 

*Flournoy & Gentry, Matthew C. Flournoy, William C. Gentry,* for appellants.
*Downey & Cleveland, Joseph C. Parker,* for appellee.